ERNEST BURKE, Respondent, v WILFREDO TORRES et al., Defendants, and ANGEL MARTINEZ, Appellant.

First Department, December 4, 1986

APPEARANCES OF COUNSEL

*Francis X. Casale, Jr.,* of counsel *(Lysaght, Lysaght & Kramer, P. C.,* attorneys), for appellant.

*Jonah Grossman* of counsel *(Nason & Cohen,* attorneys), for respondent.

## OPINION OF THE COURT

Sᴜʟʟɪᴠᴀɴ, J. P.

Plaintiff was injured when the automobile in which he was a passenger, and which was being driven by defendant Martinez, was struck by another vehicle. The Martinez vehicle was rented by defendant S. A. Thompson, the wife of defendant Willie Thompson, the principal of defendant J U & T Management, Inc., plaintiff's employer. After the accident plaintiff sought workers' compensation benefits, but J U & T Management was discovered to be uninsured. An award of such benefits in the approximate sum of $10,000 was made but, at plaintiff's request, subsequently vacated and annulled.

In the interim, plaintiff had commenced this personal injury action. Defendant Martinez, whose status as an employee of J U & T Management is disputed, moved to amend his answer to include a defense that plaintiff's sole remedy is compensation under the Workers' Compensation Law.[1] In support Martinez submitted excerpts from his pretrial deposition in which he claimed to be in the employ of J U & T Management, and to be working within the scope of his employment at the time of the accident. Plaintiff opposed the motion, arguing, *inter alia,* that the claim of common employment was spurious and that Martinez had not produced any supporting documents. The motion to amend was granted.

Plaintiff thereafter moved to strike the defense on the ground, *inter alia,* that since the defense of a remedy under workers' compensation was not available to J U & T Management, the employer, because of its failure to obtain workers' compensation coverage, it was equally unavailable to Martinez, a coemployee. Special Term granted the motion, from which determination this appeal is taken. We reverse.

The Workers' Compensation Law provides that "[T]he liability of an employer [under the statute] shall be exclusive and in place of any other liability whatsoever" (§ 11) whenever an

---

1. As to whether plaintiff has made an irrevocable election by previously claiming compensation, it has been held that an employee does not forfeit his right to maintain a common-law action against the employer until he accepts workers' compensation benefits. *(Cf. Cunningham v State of New York,* 60 NY2d 248; *Werner v State of New York,* 53 NY2d 346; *but see, Matter of Pavia v Petroleum Iron Works Co.,* 178 App Div 345.)

employee sustains "injury arising out of and in the course of the employment without regard to fault as a cause of the injury" (§ 10 [1]). Moreover, the right to compensation under the statute is the exclusive remedy even when the "employee is injured or killed by the negligence or wrong of another in the same employ." (Workers' Compensation Law § 29 [6].) "[W]here work[ers'] compensation provides a remedy, the remedy that it provides, save for the rare case, is exclusive." *(O'Rourke v Long,* 41 NY2d 219, 221.) Thus, with the advent of the statute, the injured employee, in exchange for a system of reparations which "provide[s] a swift and sure source of benefits" *(supra,* at p 222), without regard to fault, relinquished whatever common-law causes of action he theretofore had against the employer.[2]

The Legislature, however, carved out an exception where an employer fails to obtain workers' compensation coverage, obviously reasoning that notwithstanding the strong policy toward the exclusivity of the remedy, an employer which does not fulfill its obligations under the statute should not enjoy its benefits. Thus, section 11 also provides, "[I]f an employer fails to secure the payment of compensation for his injured employees * * * an injured employee * * * may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury". The effect of the statute is, to an extent, deliberately punitive, since the derelict employer subjects itself to personal and unlimited liability for its failure to obtain coverage.

Plaintiff would have us extend the harshness of the penalty to a fellow employee who never had the responsibility to obtain workers' compensation coverage. In light of the history of the statute, such an approach is illogical. After the enactment of the Workers' Compensation Law but prior to a 1934 amendment which absolved fellow servants from liability to an employee injured by them in the course of their employment, the courts had held that a common-law action for such injury could be maintained against a coemployee. *(See, Judson v Fielding,* 227 App Div 430, 434-435.) The amendment (Workers' Compensation Law § 29 [6]), however, served to prohibit

---

2. At common law the master was not liable for injuries caused by the negligence of a fellow servant where the master had exercised due care in the selection of the fellow servant. *(Setzkorn v City of Buffalo,* 219 App Div 416, 417.) By statutory provision, a defense based on the fellow-servant rule is no longer available to the employer in any lawsuit based on a section 11 election. (Workers' Compensation Law § 11.)

the incongruity of a fellow employee being sued while the employer escapes liability. (L 1934, ch 695.) Neither the 1934 amendment nor any since has altered the statutory scheme to provide that the coemployee's defense of the exclusive remedy of workers' compensation should not be available if the employer fails to obtain coverage.[3] Thus, in an area of law now completely controlled by statute, it is clear that the Legislature has abrogated the employee's common-law action against his fellow employee, and has not provided any exception as it has against employers which fail to provide workers' compensation coverage.

Decisional law also supports this view. In *Naso v Lafata* (4 NY2d 585), the Court of Appeals ruled that the owner of an automobile could not be held vicariously liable under the Vehicle and Traffic Law for injuries sustained by an employee-passenger as a result of his fellow employee-driver's negligence, since to allow such a recovery would give the owner the right to recover against the fellow employee. The court noted, "It is not merely that the negligent employee is made immune from suit, but rather that the injured employee is precluded from proceeding in any manner other than under the Work[ers'] Compensation Law" *(supra,* at p 590). Continuing, the court observed (p 591):

"Were we to allow plaintiff, under the present circumstances, to recover against the owner of the automobile, Lafata, Jr., then, under the rule set forth in the *Traub* and *Gorham* cases, Lafata, Jr., would be entitled to recovery over against plaintiff's fellow employee, Lafata, Sr., the negligent operator of the vehicle. Under such a holding the fellow employee would be afforded less than complete protection, and the legislative purpose in adopting subdivision 6 of section 29 of the Work[ers'] Compensation Law would, thereby, be thwarted. Thus the Legislature, with a view of freeing the fellow employee from liability under all circumstances, used the language it did and limited the injured employee's remedy to work[ers'] compensation * * *

---

**3.** Arguably, the language of section 11, which antedates section 29 (6), is ambiguous on this point. After providing that it is the employer's liability which is exclusive under the Workers' Compensation Law, except if he fails to provide for such coverage, it speaks of "the defendant", not the employer, in barring the assertion of certain defenses in any action for damages brought as a result of the employee's election. We attribute the failure to conform section 11, insofar as its usage of the word "defendant" is concerned, to the 1934 amendment of section 29 to legislative oversight.

"It is also to be noted that the Legislature has made specific provision for a third-party suit by an employee or his dependents if the employee is injured or killed in the course of his employment *but only if he be injured or killed by the negligence of one not in the same employ* (Work[ers'] Compensation Law, § 29, subd. 1). This further demonstrates an intention on the part of the Legislature to limit an injured employee's remedy to work[ers'] compensation when injured in the course of his employment through the negligence or wrong of another in the same employ (Work[ers'] Compensation Law, § 29, subd. 6)."

Thus, as *Naso* makes clear, Workers' Compensation Law § 29 (6) reflects a clear legislative policy to immunize a fellow employee from suit under all circumstances for accidentally causing injury to his coemployee in the course of his employment. Courts should be loathe to interpret section 11 as affording an exception to this legislative will. In any event, neither logic nor experience justifies conditioning this immunity upon the employer's being similarly immunized.

More than legislative history, however, leads us to this decision. An employee injured by a fellow worker is not without statutory remedy, even if his employer has not obtained coverage and is insolvent. Workers' Compensation Law § 26-a creates an uninsured employers' fund which provides benefits to employees whose employers have not obtained coverage. Thus, an injured employee is still able to obtain whatever benefits he would receive had his employer obtained coverage. Pursuit of the claim against the uninsured employers' fund is not obligatory and the employee may elect to institute a tort action. That option lies exclusively against the employer, however, and public policy would not be served by a contrary result. The injured employee may elect to pursue his common-law remedies with regard to his uninsured employer, but the coemployee is still insulated from tort liability. If the injured employee chooses to pursue a court action the coemployee should not be placed at risk because of the employer's irresponsibility.

Accordingly, the order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered July 10, 1985, granting plaintiff's motion to strike defendant Martinez' affirmative defense that the action is barred by the Workers' Compensation Law, should be reversed, on the law, the motion denied, and the defense reinstated, without costs or disbursements.

CARRO, FEIN, MILONAS and ELLERIN, JJ., concur.

Order, Supreme Court, New York County, entered on July 10, 1985, unanimously reversed, on the law, the motion denied, and the defense reinstated, without costs and without disbursements.