■ JAMES E. HERMANCE, SR., Appellant, v JOHN CIFONE, Doing Business as CIFONE CONSTRUCTION COMPANY, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 1, 1988 in Warren County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action under Labor Law § 240 (1) to recover for injuries sustained in a work-related accident. Defendant asserted as an affirmative defense that plaintiff's exclusive remedy was under the Workers' Compensation Law. During the pendency of the action, plaintiff applied for workers' compensation benefits. After a hearing, a Workers' Compensation Law Judge determined that the accident arose out of plaintiff's employment by defendant and accordingly made an award of benefits. This determination was neither appealed nor modified. Defendant moved for summary judgment dismissing the complaint; Supreme Court granted the motion. Plaintiff appeals.

We affirm. A claimant who applies for, is awarded and accepts workers' compensation benefits is barred from maintaining an action against the employer (see, Cunningham v State of New York, 60 NY2d 248, 251; Werner v State of New York, 53 NY2d 346, 348-349; St. Andrews v Lucarelli, 115 AD2d 155). The decision in the workers' compensation proceeding that plaintiff's injuries arose out of and in the course of his employment by defendant is, pursuant to Workers' Compensation Law § 23, final and conclusive unless modified or reversed on appeal (see, Cunningham v State of New York, supra) or upon reconsideration (see, Werner v State of New York, supra, at 352, n 2). Accordingly, defendant's motion for summary judgment dismissing the complaint was properly granted.

Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.