■ In the Matter of CLUMBER TRANSPORTATION CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. (Proceeding No. 1.) In the Matter of POPPY CAB CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. (Proceeding No. 2.)—Weiss, J. Appeals from two decisions of the Workers' Compensation Board, filed January 6, 1989.

Clumber Transportation Corporation and Poppy Cab Corporation are small closely held corporations in the business of leasing taxicab medallions (the medallion, numbered roof light and taxi meter). The Workers' Compensation Board found that each corporation, for time periods prior to January 1, 1987, had more than one corporate officer *(see,* Workers' Compensation Law § 2 [4], as amended by L 1986, ch 446, eff Jan. 1, 1987), and for time periods on and after October 4, 1986 were employers with respect to taxicabs *(see,* Workers' Compensation Law § 2 [3], [4], [5], as amended by L 1986, ch 903, eff Oct. 4, 1986). The Board further found that, as employers, the corporations were required to obtain workers' compensation insurance but had failed to do so. Clumber was fined $3,600 and Poppy was fined $6,000.

The contention of the corporations that a common-law employment relationship is not created by a taxicab medallion lease is unpersuasive. The amendments to Workers' Compensation Law § 2 (L 1986, ch 903, eff Oct. 4, 1986) were designed to resolve a perceived social problem relating to taxicab drivers by creating a statutory employment relationship requiring expanded workers' compensation coverage. Their further contention that the leasing of taxicab medallions is not within the newly defined statutory relationship is equally unavailing. Workers' Compensation Law § 2 (3) defines an employer as one "who leases or *otherwise contracts* with an operator or lessee *for the purpose of* driving, *operating* or

leasing *a taxicab"* (emphasis supplied). The Board interpreted this and related definitions of "employee" and "employment" to include leases of taxicab medallions. The taxicab amendment to the statute is drafted in broad language. Workers' compensation legislation must be construed remedially and beneficially, with a view to carrying out fairly and fully the legislative purpose, and with a view to bringing all workers within its purview and the operation of such social legislation *(see, Commissioners of State Ins. Fund v Lindenhurst Green & White Corp.,* 101 AD2d 730). Given the history of taxicabs and workers' compensation coverage, and in view of the apparent legislative intent to insure that taxicab drivers have workers' compensation coverage, we find that the Board's interpretation of the statutory wording is fair *(see, Matter of Judd v Constantine,* 153 AD2d 270).

Clumber next contends that the determination that it had two officers and was thus required to maintain workers' compensation insurance prior to January 1, 1987 has no factual support in the record and is contrary to the evidence. We disagree. The record reveals that Pinsion Ou was the sole shareholder and an executive officer and that his wife was president and manager of the corporation. Therefore, Clumber did not qualify for the single owner-officer exclusion and was required to provide workers' compensation insurance.

The corporations further contend that the authority of the Board Chairman to delegate authority to impose penalties was deleted from the statute (Workers' Compensation Law § 52) and, therefore, the subject determinations were invalid because they were not personally made by the Chairman. However, the legislative history of the amendment (L 1985, ch 648) shows that the specific authority to delegate was eliminated only because it was duplicatory of other general delegatory authority given to the Chairman *(see,* Workers' Compensation Law § 152).

The corporations' remaining argument relates to the fairness and accuracy of fines imposed by the Board. The fairness of an administrative penalty will not be reviewed unless the discretion has been so abused as to shock the conscience of the court *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222), a circumstance not here present. However, we do find that the redetermined decision in the Poppy case erroneously refers to the fine as $7,200, whereas the fine imposed was only $6,000 and requires correction.

Decision against Clumber Transportation Corporation affirmed, without costs.

Decision against Poppy Cab Corporation modified, without costs, by reducing the penalty assessed to $6,000, and as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.