■ In the Matter of the Claim of JOHN F. DICKINSON, Appellant, v PORT DICK COAL & SUPPLY COMPANY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.— Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed February 13, 1989, which ruled that claimant made an election of remedies under Workers' Compensation Law § 11 and is barred from pursuing a workers' compensation claim.

Claimant was injured in connection with his employment in 1973 and an application for workers' compensation benefits was filed. In April 1974 the case was closed pending claimant's request for a hearing, with a determination that the employer did not provide security for payment of compensation in violation of Workers' Compensation Law § 50. Claimant thereafter brought a civil action against the employer to recover for his injuries and in 1975 obtained judgment in the amount of $8,540.50. Apparently, the employer was insolvent and claimant has collected no part of the judgment. In 1982 claimant made application to the Workers' Compensation Board to reopen the case and, ultimately, the Board determined that in pursuing the civil action against the employer to judgment, claimant had made an election of remedies under Workers' Compensation Law § 11, barring the claim. Claimant now appeals to this court.

There should be an affirmance. Workers' Compensation Law § 11 provides in pertinent part that "if an employer fails to secure the payment of compensation * * * an injured employee * * * may, at his option, elect to claim compensation under [the Workers' Compensation Law], or to maintain an action in the courts for damages on account of such injury". It is well established that an election to maintain a common-law action for damages is binding upon the employee and that he may not thereafter assert a compensation claim against the same employer for the same injury (see, Matter of Martin v C. A. Prods. Co., 8 NY2d 226, 230-231). Although exceptions have been recognized in cases where the remedy sought is unavailable, the action is voluntarily discontinued or the action is still pending (see, supra, at 231), no such circumstance is involved here.

In Matter of Tate v Estate of Dickens (276 App Div 94), relied upon by claimant, this court permitted the claimant to

pursue a compensation claim after the court action was terminated in favor of the employer as a result of the claimant's failure to establish negligence. Here, in contrast, the action terminated in claimant's favor, with an award of money damages, a fact not altered by claimant's subsequent inability, for whatever reason, to collect upon the judgment. As stated by a leading commentator: "If the employee sues for damages in the court, the judgment of the court is conclusive. * * * He has made an election of remedies which is final. * * * *Therefore the employee should make a careful evaluation of the ability of the employer to pay a judgment in damages in a court action before selecting that option"* (Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 11 [1990 Pocket Part], at 144 [emphasis supplied]). We conclude that claimant did pursue a common-law action to a successful conclusion in this case and, therefore, is barred from receiving compensation.

Decision affirmed, without costs. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.