■ In the Matter of the Claim of ANGELO J. OCASIO, JR., Appellant, v SANG SOO KIM et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [762 NYS2d 843] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed February 8, 2002, which ruled that claimant made an election of remedies under Workers' Compensation Law § 11, thereby barring his workers' compensation claim.

As a result of an injury from a work-related motor vehicle accident on August 24, 1996, claimant applied for workers' compensation benefits citing Mega Equipment, Inc. as his employer. At a hearing in August 1999, a Workers' Compensation Law Judge (hereinafter WCLJ) found that since both Mega as well as West Main Street Refrigeration, Inc., the other corporate entity which claimant identified as his employer, were dissolved prior to the date of his accident, further testimony was needed to settle issues, including the employer/employee relationship. It was later determined that claimant was employed by Sang Soo Kim and Chung Ho Noeh, doing

business as West Main & Mega, and, by decision dated March 16, 2000, accident, notice and causal relationship were established, as was claimant's average weekly wage. The Uninsured Employers' Fund (hereinafter UEF), acting as the workers' compensation carrier pursuant to Workers' Compensation Law § 26-a, sought review of that determination solely on the issue of claimant's average weekly wage; claimant sought no review of the determination concerning his employer.

While UEF's administrative appeal was pending, claimant commenced a civil action against West Main and Joseph Varella, the employee who was driving the vehicle involved in the accident. This action was settled with UEF's consent. Thereafter, the Workers' Compensation Board rescinded the average weekly wage determination and restored the matter to the trial calendar for a further determination on that issue. At the next scheduled appearance, the WCLJ determined that by claimant's settlement of the civil action, he made an election of remedies pursuant to Workers' Compensation Law § 11, thereby warranting the dismissal of the compensation proceeding. The Board affirmed and claimant appealed.

It is well settled that workers' compensation is an injured worker's exclusive remedy against both the employer (*see* Workers' Compensation Law §§ 11, 29 [6]; *McKay v Ciani,* 280 AD2d 808, 809 [2001], *lv denied* 96 NY2d 713 [2001]) and fellow employees acting within the scope of their employment (*see Macchirole v Giamboi,* 97 NY2d 147, 149 [2001]). However, where an employer fails to secure workers' compensation coverage, an injured employee can simultaneously pursue both workers' compensation benefits and a personal injury action (*see* Workers' Compensation Law § 11). Such employee will be deemed to have elected one remedy over the other if an award of benefits is accepted or the civil action is concluded by settlement or judgment in the employee's favor (*see Matter of Martin v C.A. Prods. Co.,* 8 NY2d 226, 230-231 [1960]; *Matter of Dickinson v Port Dick Coal & Supply Co.,* 162 AD2d 788, 788-789 [1990], *lv denied* 76 NY2d 713 [1990]).

Claimant challenges the finding that his commencement and settlement of the civil action against West Main was an action against his employer and thus an election of remedies. With such a determination being a factual question for the Board, where, as here, such finding is supported by substantial evidence, it will not be disturbed (*see Matter of Topper v Al Cohen's Bakery,* 295 AD2d 872, 872 [2002]; *Matter of Jhoda v Mauser Serv.,* 279 AD2d 853, 854 [2001]).

Nor do we find merit in claimant's contention that the court's

authorization of an advanced partial payment of benefits prior to the resolution of the compensation claim constituted claimant's election of workers' compensation coverage as his remedy. The evidence of claimant's acceptance of such partial award was controverted. Moreover, the award was being appealed during the time that the civil action was settled (*see* Workers' Compensation Law § 23; *compare Mylroie v GAF Corp.*, 55 NY2d 893, 894 [1982]; *Hermance v Cifone*, 147 AD2d 835, 836 [1989]).

Having reviewed and rejected all other remaining issues, we affirm.

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.