JASHIM U. CHOWDHURY, Appellant, v 390 FIFTH, LLC, Defendant, and WEST 36 NEWS AND GROCERY, Respondent. [768 NYS2d 373]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 29, 2002, which granted

the motion of the defendant West 36 News and Grocery for summary judgment dismissing the complaint insofar as asserted against it without prejudice to the plaintiff commencing a proceeding against that defendant before the Workers' Compensation Board and denied his cross motion for summary judgment against that defendant on his second cause of action to recover damages pursuant to Workers' Compensation Law § 11.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff, and the complaint is reinstated against the defendant West 36 News and Grocery.

The plaintiff allegedly sustained physical injuries in the course of his employment with the defendant West 36 News and Grocery (hereinafter the employer), while carrying merchandise into the store from a delivery vehicle. Because the employer failed to provide the plaintiff with workers' compensation insurance coverage, the plaintiff commenced this action for damages, as permitted by Workers' Compensation Law § 11 (see *O'Rourke v Long,* 41 NY2d 219 [1976]; *DiVincenzo v Tripart Dev.,* 272 AD2d 904 [2000]; *Burke v Torres,* 120 AD2d 283 [1986]).

Pursuant to the plain language of Workers' Compensation Law § 11, in an action such as this, "the defendant [may not] plead as a defense . . . that the injury was due to the contributory negligence of the employee" (see *Brockett v Mietz,* 184 App Div 342 [1918]). The employer contends that the plaintiff's negligence was the *sole* proximate cause of his injuries, and that it was not negligent, so that it may invoke this argument to defeat the plaintiff's claims as a matter of law. While this is an interesting and apparently novel issue, we need not decide it. Even assuming that the employer made out a prima facie case that it was not negligent, the plaintiff demonstrated the existence of a triable issue of fact as to the employer's negligence. Thus, the motion should have been denied. S. Miller, J.P., Friedmann, Townes and Mastro, JJ., concur.