(December 26, 2006)

■ ABDUL ALAM, Respondent, v TAXI WHEELS TO LEASE, INC., et al., Defendants, and MATILDA PREMPEH, Appellant. [825 NYS2d 382]—

In an action to recover damages for personal injuries, the defendant Matilda Prempeh appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated May 10, 2006, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the appellant is granted.

The plaintiff commenced this action to recover damages for personal injuries he allegedly suffered when a tire on a taxicab he was driving exploded in his face when he tried to inspect it. The defendant Matilda Prempeh, the owner of the medallion on the taxicab, moved for summary judgment dismissing the complaint insofar as asserted against her based on the exclusivity provisions of Workers' Compensation Law § 11. The Supreme Court denied the motion. We reverse.

In support of her motion, Prempeh demonstrated, prima facie, that she was a statutory employer of the plaintiff within the meaning of Workers' Compensation Law § 2 (3) (*see Arvatz v Empire Mut. Ins. Co.,* 171 AD2d 262, 268-269 [1991]; *Matter of Poppy Cab Corp. [Workers' Compensation Bd.],* 160 AD2d 1186, 1186-1187 [1990]). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the motion should have been granted (*see Cronin v Perry,* 244 AD2d 448 [1997]). Crane, J.P., Ritter, Lunn and Covello, JJ., concur.