Sweeny, J.P., Freedman, Richter, Manzanet-Daniels and Román, JJ.

■ Zeng Xi Chen, Respondent, v Jeffrey Spitz et al., Defendants. Lu Gang, Nonparty Appellant. [909 NYS2d 432]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered October 2, 2009, which, inter alia, granted plaintiff's motion for nunc pro tunc approval, pursuant to Workers' Compensation Law § 29 (5), of the third-party settlement in the underlying personal injury action, unanimously affirmed, without costs.

The court reviewed in detail the history of this action and correctly found that the record demonstrates that nonparty appellant Lu Gang was deemed by a special referee to be plaintiff's employer at the time of the accident in which plaintiff was injured and that he had not procured workers' compensation insurance for plaintiff. Thus, the Uninsured Employers' Fund (UEF), acting as the workers' compensation carrier pursuant to Workers' Compensation Law § 26-a (2), had the right to and ultimately did consent to the $25,500 settlement in the underlying action (*see* Workers' Compensation Law § 29 [5]).

While, as nonparty appellant points out, court approval of the settlement was not sought within three months after the settlement date (*see id.*), plaintiff established that the delay did not result from his fault or neglect and that the UEF was not prejudiced by it (*see Merrill v Moultrie*, 166 AD2d 392 [1990], *lv denied* 77 NY2d 804 [1991]).

We have considered nonparty appellant's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Freedman, Richter, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2009 NY Slip Op 32265(U).]**

■ The People of the State of New York, Respondent, v Delvin Espinal, Appellant. [908 NYS2d 877]—Order, Supreme Court, New York County (Ronald A. Zweibel, J.), entered on or about November 19, 2009, which specified and informed defendant that the court would resentence him to a term of seven years, followed by three years' postrelease supervision, for his conviction of criminal sale of a controlled substance in the third degree, unanimously affirmed, and the matter remanded to Supreme Court, New York County for further proceedings upon defendant's application for resentencing.

We perceive no basis for reducing the proposed term, which

was offered upon consideration of all the appropriate factors, including defendant's prison disciplinary record (*see People v Rincon*, 40 AD3d 538 [2007], *lv denied* 9 NY3d 880 [2007]). Concur—Sweeny, J.P., Freedman, Richter, Manzanet-Daniels and Román, JJ.