◾ Luz Rueda, Appellant, v Elmhurst Woodside, LLC, et al., Defendants, and Make Up Shop, Respondent. [983 NYS2d 901]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), entered November 8, 2012, which granted the motion of the defendant Make Up Shop for summary judgment dismissing the complaint and all cross claims for indemnification insofar as asserted against it.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Make Up Shop which was for summary judgment dismissing all cross claims for indemnification insofar as asserted against it is dismissed, as the appellant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant Make Up Shop, payable by the plaintiff.

"[W]here an employer fails to secure workers' compensation

coverage, an injured employee can simultaneously pursue both workers' compensation benefits and a personal injury action" (*Matter of Ocasio v Sang Soo Kim*, 307 AD2d 662, 663 [2003]; *see* Workers' Compensation Law § 11). "Such employee will be deemed to have elected one remedy over the other if an award of benefits is accepted or the civil action is concluded by settlement or judgment in the employee's favor" (*Matter of Ocasio v Sang Soo Kim*, 307 AD2d at 663; *see Matter of Martin v C. A. Prods. Co.*, 8 NY2d 226, 230-231 [1960]; *Matter of Dickinson v Port Dick Coal & Supply Co.*, 162 AD2d 788, 788-789 [1990]).

Here, the plaintiff accepted Workers' Compensation benefits and conceded that, as of January 26, 2012, she had received Workers' Compensation benefits in the sum of $100,096.16. As the Supreme Court correctly concluded, this operated as an election of remedies, warranting dismissal of the complaint insofar as asserted against her employer, the uninsured defendant Make Up Shop. "Having accepted Workers' Compensation benefits, the plaintiff[ ] [is] barred by the finality and exclusivity provisions of the Workers' Compensation Law from bringing a separate common-law action" against her uninsured employer (*Talcove v Buckeye Pipe Line Co.*, 247 AD2d 464, 465 [1998]; *see Jackman v Fisher*, 91 AD2d 602 [1982]). Mastro, J.P., Balkin, Sgroi and LaSalle, JJ., concur.