■ LUIS ROSARIO, Appellant, v MONTALVO & SON AUTO RE-PAIR CENTER, LTD., Respondent, et al., Defendants. [51 NYS3d 618]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Baily-Schiffman, J.), entered April 28, 2015, which, upon an order of the same court dated April 23, 2015, granting the motion of the defendant Montalvo & Son Auto Repair Center, Ltd., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it made at the close of the plaintiff's case at a trial on the issue of liability on remitti-tur, is against him and in favor of that defendant, in effect, dismissing the complaint insofar as asserted against that de-fendant and in the sum of $1,450, constituting costs and disbursements.

Ordered that the judgment is reversed, on the law, with costs, the motion of the defendant Montalvo & Son Auto Repair Center, Ltd., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it is denied, the complaint is reinstated insofar as asserted against that defendant, the or-der dated April 23, 2015, is modified accordingly, and the mat-ter is remitted to Supreme Court, Kings County, for a new trial on the issue of liability only before a different Justice.

In this personal injury action, the plaintiff alleged that one of his fingers was injured on a tow truck owned by the defend-ant Montalvo & Son Auto Repair Center, Ltd. (hereinafter Montalvo), during the course of his employment with Montalvo. The underlying facts and procedural history are summarized in this Court's decisions and orders in two prior appeals (see Rosario v Montalvo & Son Auto Repair Ctr., Ltd., 118 AD3d 973 [2014]; 76 AD3d 963 [2010]). In our most recent decision and order, we remitted the matter to the Supreme Court, Kings County, for a new trial on the issue of liability only. During the liability trial on remittitur, the plaintiff testified that he was, in fact, employed by Montalvo at the time of the accident, and that his injury occurred while working in that capacity. Based on that testimony, Montalvo moved pursuant to CPLR 3211 (a) (7), at the close of the plaintiff's case, to dismiss the complaint insofar as asserted against it, arguing that the plaintiff's exclusive remedy was Workers' Compensation benefits. The trial court granted the motion.

The plaintiff's contention that, by granting Montalvo's trial motion pursuant to CPLR 3211 (a) (7), the trial court violated the law of the case doctrine or otherwise improperly disre-

garded this Court's most recent decision and order in this matter, is without merit (*see generally Bukowski v Clarkson Univ.*, 86 AD3d 736 [2011], *affd* 19 NY3d 353 [2012]; *Latture v Smith*, 304 AD2d 534, 535 [2003]). Nevertheless, the trial court improperly granted the motion.

Generally, "Workers' compensation benefits are [t]he sole and exclusive remedy of an employee against his employer for injuries in the course of employment" (*Weiner v City of New York*, 19 NY3d 852, 854 [2012] [internal quotation marks omitted]; *see De Los Santos v Butkovich*, 126 AD3d 845, 846 [2015]). "This precludes suits against an employer for injuries in the course of employment" (*Weiner v City of New York*, 19 NY3d at 854; *see Cunningham v State of New York*, 60 NY2d 248, 251 [1983]). Here, however, the plaintiff properly elected his remedy of pursuing this action against Montalvo under Workers' Compensation Law §§ 11 and 50, since Montalvo did not carry Workers' Compensation coverage at the time of the accident (*see Chowdhury v 390 Fifth*, 2 AD3d 560 [2003]; *Matter of Ocasio v Sang Soo Kim*, 307 AD2d 662 [2003]), a fact conceded by Montalvo's counsel in a statement that constituted a judicial admission (*see Naughton v City of New York*, 94 AD3d 1, 12 [2012]; *DiCamillo v City of New York*, 245 AD2d 332, 333 [1997]). Accordingly, the trial court should not have granted Montalvo's trial motion pursuant to CPLR 3211 (a) (7).

Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a new trial on the issue of liability only, in accordance herewith. In light of certain remarks made by the Supreme Court which exhibited bias against the plaintiff, a new trial before a different Justice is required.

The plaintiff's remaining contention is improperly raised for the first time in his reply brief. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.

Motion by the respondent, inter alia, to dismiss an appeal from a judgment of the Supreme Court, Kings County, entered April 28, 2015. By decision and order on motion of this Court dated November 30, 2015, that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal is denied.