McCarthy, J.P.
 

 Appeal from a decision of the Workers’ Compensation Board, filed February 26, 2016, which ruled, among other things, that the application of the Uninsured Employers’ Fund for review of a decision of a Workers’ Compensation Law Judge was untimely.
 

 In 2009, claimant, a bricklayer, worked for J. William Pustelak Inc. from February 16, 2009 to April 5, 2009, Rivera Enterprises from January 4, 2009 to January 10, 2009 and from July 19, 2009 to July 25, 2009, and DeSpirit Mosaic & Marble Co. from August 3, 2009 to approximately September 1, 2009. Beginning in March 2009, claimant began having problems with, among other things, his neck and lower back, and, as a result, stopped working on August 30, 2009. In June 2011, claimant filed a claim for workers’ compensation benefits alleging that, as a result of repetitive stress to, among other things, his neck and lower back, he had sustained an occupational disease. Following a hearing, a Workers’ Compensation Law Judge (hereinafter WCLJ) found, in an April 2012 reserved decision, that the date of disablement was August 30, 2009 and established the claim against DeSpirit and its workers’ compensation carrier, the State Insurance Fund (hereinafter SIF), for an occupational disease. Finding that there was proper cancellation of SIF’s coverage for Pustelak, the WCLJ discharged SIF as Pustelak’s workers’ compensation carrier and directed further development of the record regarding apportionment of liability for the claim.
 

 After subsequent hearings, the WCLJ ultimately found, in a December 2014 amended reserved decision, that 2009 was the date of contraction and apportioned liability for the claim between the three employers. The WCLJ also found that, although Pustelak was uninsured on the date of disablement, and therefore in violation of Workers’ Compensation Law § 50, since Pustelak was no longer in business on that date, no penalty pursuant to Workers’ Compensation Law § 26-a could be assessed against Pustelak. The Uninsured Employers’ Fund (hereinafter UEF) sought administrative review of the Decern-ber 2014 decision, and, in a February 2016 decision, the Workers’ Compensation Board, among other things, denied UEF’s appeal as untimely because the issue of whether UEF or SIF was responsible for the apportioned liability of the claim against Pustelak had already been decided in the WCLJ’s April 2012 reserved decision, which UEF failed to challenge on administrative review. UEF now appeals.
 

 Because we conclude that the Board erred in finding UEF’s application for administrative review untimely, we reverse. Workers’ Compensation Law § 23 requires a party seeking review of a WCLJ decision to file a written application for review with the Board within 30 days of the filing of the decision (see Matter of Turner v Graphic Paper Inc., 151 AD3d 1127, 1128 [2017]). Although the WCLJ’s April 2012 reserved decision discharged SIF and removed it from notice as to Pustelak,
 
 *
 
 the WCLJ did not make any findings therein regarding apportionment or find that UEF was otherwise liable as surety for Pustelak’s share of liability for the occupational disease claim, and, therefore, any appeal from that decision by UEF would have been premature (see Matter of Covert v Niagara County, 146 AD3d 1065, 1066 [2017]; Matter of Lewis v Stewart’s Mktg. Corp., 122 AD3d 1048, 1049 [2014]). The WCLJ’s December 2014 amended reserved decision apportioned liability to Pustelak and found that Pustelak was uninsured on the date of disablement in violation of Workers’ Compensation Law § 50. To that end, in its application for Board review of the WCLJ’s decision, UEF raised the issue of whether SIF was Pustelak’s proper workers’ compensation carrier on the date of contraction and for the duration of claimant’s employment with Pustelak and averred that the WCLJ therefore erred in discharging and removing SIF from notice (see Workers’ Compensation Law § 23; 12 NYCRR 300.13 [b] [2] [i], [ii]). Inasmuch as UEF sought administrative review of the WCLJ’s December 2014 amended reserved decision within 30 days, the Board erred in finding that UEF did not timely appeal the issue of coverage, given that UEF would not have incurred any obligation prior to the WCLJ’s December 2014 decision (see Workers’ Compensation Law §§ 26-a, 50). Accordingly, that portion of the Board’s decision ruling that UEF’s application for review was untimely is reversed, and the matter is remitted for the Board to consider the merits of UEF’s administrative appeal in the first instance (see Employer: Blackstone Bus. Enter., 2012 WL 607072, *3, 2012 NY Wrk Comp LEXIS 1582, *6-7 [WCB No. 8060 5926, Feb. 21, 2012]; cf. Employer: Timber & Stone LLC, 2013 WL 482898, *4-5, 2013 NY Wrk Comp LEXIS 1123, *13-14 [WCB No. G045 0505, Feb. 1, 2013]).
 

 Lynch, Clark, Aarons and Pritzker, JJ., concur.
 

 Ordered that the decision is modified, without costs, by reversing so much thereof as ruled that the application of the Uninsured Employers’ Fund for review was untimely; matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.
 

 *
 

 In an August 2013 notice of decision, the WCLJ reiterated that it had discharged SIF and removed it from notice as to Pustelak and noted that UEF had “raised issues.”