Quick v State Farm Mut. Auto. Ins. Co. (2024 NY Slip Op 06268)

Quick v State Farm Mut. Auto. Ins. Co.

2024 NY Slip Op 06268

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CV-24-0456
[*1]Gary Quick, Appellant,
v
State Farm Mutual Automobile Ins. Co., Respondent.

Calendar Date:October 15, 2024

Before:Clark, J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellant.
Abrams, Cohen & Associates, New York City (Frank Piccininni of counsel), for respondent.

Powers, J.
Appeal from an order of the Supreme Court (Sharon A. Graff, J.), entered February 16, 2024 in Ulster County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
In January 2021, plaintiff was operating a Peterbilt tractor trailer in the course of his employment with Casa Builders, Inc. when he was injured. The tractor trailer had been leased from FTC Leasing, LLC, who had insured the vehicle through defendant. In March 2021, plaintiff applied for no-fault benefits through defendant and specified on this application that, although he was eligible for workers' compensation benefits, Casa Builders did not hold workers' compensation insurance. After seeking wage verification, defendant sent plaintiff a letter indicating that there is a question as to whether he is eligible for workers' compensation coverage for the injury and, subsequently, denied the application on the basis that plaintiff was injured while in the course of employment. Therefore, according to defendant, plaintiff's primary source of recovery for basic economic loss was through workers' compensation. Defendant further advised plaintiff to provide verification if plaintiff's application for workers' compensation benefits was denied so defendant may then consider recovery pursuant to the no-fault insurance policy. Plaintiff challenged this denial on the basis that his employer did not possess workers' compensation coverage and, further, had found him to be an independent contractor. Defendant, in response, instructed plaintiff to submit a 1099 form if he was an independent contractor but, otherwise, "to file a claim with the New York State Insurance Fund."
Based upon the foregoing, plaintiff commenced the instant action alleging that defendant had wrongfully denied his no-fault insurance claim which had sought recovery of lost wages, medical expenses and other economic losses sustained because of the accident. Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the basis that plaintiff was required to seek workers' compensation benefits either through the Workers' Compensation Board or the Uninsured Employers' Fund before seeking no-fault coverage. Plaintiff cross-moved claiming that he could not have applied for workers' compensation benefits because, as indicated in his application for no-fault benefits, his employer did not carry workers' compensation coverage. Supreme Court granted defendant's motion for summary judgment finding that, because plaintiff had failed to seek benefits through the Uninsured Employers' Fund prior to applying for no-fault benefits, the instant action was improper. Plaintiff appeals.
"As a general rule, when an employee is injured in the course of his or her employment, his or her sole remedy against the employer lies in his or her entitlement to a recovery under the Workers' Compensation Law" (Pringle v AC Bodyworks & Sons, LLC, 145 AD3d 1410, 1411 [3d Dept 2016] [[*2]internal quotation marks, brackets and citations omitted; see Workers' Compensation Law § 11). However, " '[w]here an employer fails to secure workers' compensation coverage, an injured employee can simultaneously pursue both workers' compensation benefits and a personal injury action' " (Rueda v Elmhurst Woodside, LLC, 116 AD3d 1027, 1027-1028 [2d Dept 2014], quoting Matter of Ocasio v Sang Soo Kim, 307 AD2d 662, 663 [3d Dept 2003], lv denied 3 NY3d 612 [2004]). The parties do not contest that plaintiff's employer did not have workers' compensation coverage at the time plaintiff sustained his injuries, and, therefore, plaintiff was able to commence a plenary action against his employer (see Rosario v Montalvo & Son Auto Repair Ctr., Ltd., 149 AD3d 885, 886 [2d Dept 2017]).
As is relevant here, plaintiff commenced a separate personal injury action against the employer that has since settled (NY St Cts Elec Filing [NYSCEF] Doc No. 1, summons and complaint, Doc No. 36, stipulation of discontinuance, in Quick v Casa Builders, Inc., Sup Ct, Ulster County, index No. EF2021-1112). However, plaintiff's recovery in that action was limited inasmuch as Insurance Law § 5104 precludes recovery for basic economic loss "in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state" (Insurance Law § 5104 [a]). As a result, plaintiff sought no-fault insurance benefits through defendant to recover his basic economic loss. The gravamen of plaintiff's application for benefits was that because his employer did not possess workers' compensation coverage at the time of his accident, he was free to pursue recovery of basic economic loss through no-fault insurance benefits. For these same reasons, plaintiff maintains that his application for benefits was improperly denied and, therefore, Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint and, similarly, in denying his own cross-motion.
"In accordance with the No-Fault Law, automobile insurers, like [defendant], must provide up to $50,000 of coverage for an insured's 'basic economic loss' " (Government Empls. Ins. Co. v Avanguard Med. Group, PLLC, 27 NY3d 22, 26 [2016], quoting Insurance Law § 5102 [a]). However, because no-fault benefits and workers' compensation benefits are meant to cover generally the same types of loss, "payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle" may be reduced by the "[a]mount[ ] recovered or recoverable on account of such injury under . . . workers' compensation benefits" (Insurance Law § 5102 [b] [2]; see Dietrick v Kemper Ins. Co. [American Motorists Ins. Co.], 76 NY2d 248, 251 [1990]; Matter of New Millennium Pain & Spine Medicine, P.C. v Garrison Prop. & Cas. Ins. Co., 224 AD3d 428, 430 [1st Dept 2024]; see also 11 NYCRR 65-3.16[*3][a] [9]). Based upon this, "[a]s between no-fault and workers' compensation, the latter is primary and an injured party may not elect between workers' compensation benefits and no-fault benefits" (Arvatz v Empire Mut. Ins. Co., 171 AD2d 262, 268 [1st Dept 1991] [internal quotation marks and citations omitted]). This is so even when the employer has failed to provide workers' compensation coverage as the Uninsured Employers' Fund steps into the shoes of the carrier by acting as a surety (see generally Workers' Compensation Law § 26-a; Matter of Salvia v Nutritional Frontiers LLC, 221 AD3d 1376, 1377 [3d Dept 2023], lv denied 41 NY3d 910 [2024]; Matter of McCray v CTS Enters., Inc., 166 AD3d 1356, 1357 [3d Dept 2018]; Matter of Passero v Uninsured Employers' Fund, 154 AD3d 1037, 1038 [3d Dept 2017]; Zeng Xi Chen v Spitz, 77 AD3d 529, 529 [1st Dept 2010]).
The fact that plaintiff's employer did not possess workers' compensation coverage at the time of the accident does not render him ineligible for Workers' Compensation benefits; instead it changes the potential source of payment. As such, plaintiff was required to seek workers' compensation benefits as the primary source of payment for his basic economic loss, and only thereafter could he seek payment of no-fault benefits with his recovery correspondingly reduced by what he received through workers' compensation.[FN1]
"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998] [internal quotation marks and citations omitted]). The determination plaintiff seeks would not only run contrary to the exclusivity provision contained within Workers' Compensation Law § 11 but, also, to the very purpose for which the Uninsured Employers' Fund was created. Accordingly, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint, and consequently properly denied plaintiff's cross-motion (cf. Matter of Global Liberty Ins. Co. of N.Y. v North Shore Family Chiropractic, PC, 178 AD3d 525, 526 [1st Dept 2019]; Alam v Taxi Wheels To Lease, Inc., 35 AD3d 771, 771 [2d Dept 2006]; see generally Matter of Shand [Aetna Ins. Co.], 74 AD2d 442, 455 [2d Dept 1980]).
Clark, J.P., Pritzker, Lynch and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Although plaintiff does not directly contest that he was injured in the course of his employment, the Court of Appeals has made clear that "[t]he Workers' Compensation Board . . . has primary jurisdiction over the issue of the availability of coverage" and "the court should not express an opinion as to the availability of compensation" (Liss v Trans Auto Sys., 68 NY2d 15, 21 [1986]). Accordingly, any determination with respect to plaintiff's eligibility for benefits must first be made by the Workers' Compensation Board (see LMK Psychological Serv., P.C. v American Tr. Ins. Co., 64 AD3d 752, 754 [2d Dept 2009]; O'Hurley-Pitts v Diocese of Rockville Ctr., 57 AD3d 633, 634 [2d Dept 2008]; Nunes v Window Network, LLC, 54 AD3d 834, 835 [2d Dept 2008]). By doing so, "the possibility of contrary decisions in different forums which may result in the denial of intended first party benefits to a claimant [is diminished] and successive legal challenges on the same issues [are eliminated,] resulting in a more timely resolution and more efficient use of both administrative and judicial resources while protecting the panoply of rights afforded [workers' compensation] claimants" (Matter of Esposito v Petruzzi, 278 AD2d 698, 701 [3d Dept 2000]).