OPINION OF THE COURT
Kaye, J.
The issue presented in each of these 20 appeals is whether claimants are foreclosed by the finality and exclusive remedy provisions of the Workers’ Compensation Law from maintaining actions against an employer for intentional assault. For the reasons stated below, we conclude that the actions should all be dismissed because either (1) the claimant applied for and received workers’ compensation benefits for the injury in question, or (2) there is a decision of the Workers’ Compensation Board that the *251 claimant’s injury was accidental, employment-related, and compensable.
These appeals relate to the uprising at the Attica Correctional Facility in September, 1971. In Cunningham and two other actions, claimants seek damages for wrongful death, claiming that the injuries to decedents, who were guards, were intentionally inflicted by persons under the control of the State. In Prave and 16 similar claims, employees who had been taken hostage assert damage claims for intentional assault inflicted by persons under the State’s control. In each of these actions the State has moved for summary judgment asserting that claimants’ actions are precluded by the Workers’ Compensation Law. The Court of Claims denied the motions and the Appellate Division reversed, dismissing the suits. We now affirm.
The initial question to be resolved whenever a defense of workers’ compensation is presented is whether the claimant has a right to bring a plenary action. “If the right to sue the employer has been stripped away by [workers’] compensation coverage, it is an arrogation of jurisdiction to consider a tort complaint on its merits.” (O’Rourke v Long, 41 NY2d 219, 221.) Section 11 of the Workers’ Compensation Law provides that the liability of an employer under that law shall be exclusive and in place of any other liability to the employee or his dependents for the injury or death of the employee.[1] Under subdivision 6 of section 29 of the Workers’ Compensation Law, the right to compensation is the exclusive remedy to an employee or his dependents against the employer when such employee is injured or killed by the negligence or wrong of another in the same employ. A decision or award of the Workers’ Compensation Board is, pursuant to section 23 of the Workers’ Compensation Law, final and conclusive upon the parties and the State Insurance Fund as to all questions within its jurisdiction, unless modified or reversed on appeal. These provisions operate to preclude claimants’ actions.
I
In the wrongful death actions, the record reveals that the claimants have applied for and received workers’ compen *252 sation benefits. By applying for and accepting such benefits, these claimants have forfeited their rights to maintain wrongful death actions against respondent for intentional torts. (Werner v State of New York, 53 NY2d 346, 348-349; Mylroie v GAF Corp., 55 NY2d 893, 894.)[2] Claimants allege that their actions should not be dismissed because théy were misled by the State into applying for and accepting the benefits. That issue however, is one that must be addressed to the Workers’ Compensation Board, not the courts. (Werner v State of New York, 53 NY2d 346, 352, n 2, supra.) The Legislature has placed the responsibility for such factual determinations in the Workers’ Compensation Board, and claimants may not circumvént this procedure and choose the courts as the forum for resolution of such questions. (O’Rourke v Long, 41 NY2d 219, 228, supra.)
II
In the cases brought by the former hostages, the record shows that the State continued to pay the claimants their salaries during their absence from work due to injury and sought reimbursement for those payments from the State Insurance Fund. As to each claim, the Workers’ Compensation Board made a determination that the injuries were accidental, related to employment, and compensable, and issued an award. In addition to providing salary reimbursement, the fund also paid certain medical expenses.
These claimants contend that they should not be barred from bringing suit against the State because it was the State, and not they, who filed the claims for compensation with the board, and because they have never received any “direct” benefits from the fund, as the State was obligated to pay their salaries under a collective bargaining agreement. But the board has the discretion to process a claim, whether filed by an employee or an employer, even if the claimant objects and a civil action is pending. (O’Rourke v Long, 41 NY2d 219, 227-228, supra.) A determination by the Workers’ Compensation Board that a claimant’s injuries are accidental is binding on the claimant even if he did *253 not apply for or accept the benefits awarded, and precludes an action against the employer for intentional tort. (O’Connor v Midiria, 55 NY2d 538, 539.)
Ill
Claimants here are not without remedy. They may petition the Workers’ Compensation Board for reconsideration[3] of its determinations. If the board were to reverse, claimants would not be precluded, within six months thereafter, from commencing actions against the State for intentional assault. (CPLR 205, subd [c]; Hotaling v General Elec. Co., 12 NY2d 310, 314.) What claimants may not do is undermine the conclusiveness of the board’s determinations or the exclusiveness of the compensation remedy by collateral attack. (O’Connor v Midiria, 55 NY2d 538, 541, supra.)
The Appellate Division properly granted the State’s motions for summary judgment and dismissed the actions herein. While claimants have requested that we instead grant a continuance under CPLR 4402 until they can petition the Workers’ Compensation Board, there is no basis on the record for such relief.
Accordingly, the orders of the Appellate Division should be affirmed, without costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Simons concur; Judge Meyer taking no part.
Orders affirmed, without costs.

. Section 8 of the Court of Claims Act, in waiving sovereign immunity, nonetheless provides that the exclusivity of the compensation remedy against the State is not impaired. (Maloney v State of New York, 3 NY2d 356, 361.)

. Because of continued adjournments at the request of one of the claimants (Hardie), the board has yet to make a determination or award on that claim. However, Hardie has applied for and accepted benefits paid by the State Insurance Fund and is for that reason precluded from maintaining the action herein even in the absence of such a determination. (Werner v State of New York, 53 NY2d 346, 353-354.)

. In Hardie, where no determination has yet been made, the claimant may present this argument to the board in the first instance.