■ MARCELLA RICKS, Appellant-Respondent, v AMITYVILLE UNION FREE SCHOOL DISTRICT et al., Respondents-Appellants. [608 NYS2d 857] —In an action, *inter alia,* to recover damages for libel and slander, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered July 17, 1990, as denied her cross motion for summary judgment with respect to the fourth and fifth causes of action asserted in the complaint, and the defendants cross-appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint in its entirety.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof denying the defendants' motion for summary judgment in its entirety, and substituting therefor (a) a provision treating the defendants' motion as one both for summary judgment and for leave to amend the answer, (b) a provision granting leave to amend the answer to assert an affirmative defense based on the Workers' Compensation Law, and deeming the answer so amended, and (c) a provision granting the defendants' motion for summary judgment solely to the extent of dismissing the fourth cause of action insofar as it is asserted against all defendants, and dismissing the fifth cause of action insofar as it is asserted against the defendant Amityville Union Free School District and the defendant Board of Education of the Amityville Union Free School District, and otherwise denying the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant Board of Education of the Amityville Union Free School District, and the defendant Amityville Union Free School District, have demonstrated their entitlement to summary judgment on the fourth and fifth causes of action based on the exclusivity of the plaintiff's remedy under the Workers' Compensation Law *(see, e.g., Cunningham v State of New York,* 60 NY2d 248). Under the circumstances of this case and

considering the absence of prejudice to the plaintiff, we do not believe that their entitlement to summary judgment on this ground should be thwarted by their failure to have pleaded the appropriate affirmative defense in their answer. However, the remaining defendants have not demonstrated their entitlement to summary judgment on this basis (see, e.g., Maines v Cronomer Val. Fire Dept., 50 NY2d 535).

The fourth cause of action should be dismissed against all defendants. In this part of her complaint, the plaintiff alleged that she was injured while working at a job to which she had been reassigned. She also alleged that her reassignment had been brought about by the defendants, who were acting with "a vicious and malicious purpose". These allegations do not state a cause of action (CPLR 3211 [a] [7]).

We have examined the remaining contentions advanced both by the plaintiff and by the defendants, and find them to be without merit. Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.