[970 NE2d 427, 947 NYS2d 404]

MARK WEINER, Appellant, v CITY OF NEW YORK et al., Respondents.

Argued April 26, 2012; decided May 31, 2012

### APPEARANCES OF COUNSEL

*Law Office of Arnold E. DiJoseph, P.C.*, New York City (*Arnold E. DiJoseph, III,* of counsel), for appellant.

*Michael A. Cardozo, Corporation Counsel,* New York City (*Julie Steiner, Stephen J. McGrath* and *Michael Shender* of counsel), for respondents.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question not answered as unnecessary.

Plaintiff Mark Weiner, who was employed by the New York City Fire Department as an emergency medical technician, was hurt while responding to a report of an injured person on a boardwalk in Brighton Beach. He applied for and received workers' compensation benefits from his employer—the City of New York. Subsequently, Weiner commenced this action against the City and its Parks and Recreation Department, alleging both common-law negligence and a cause of action under General Municipal Law § 205-a. According to Weiner, the boardwalk was poorly illuminated, causing his fall.

The City moved to dismiss the complaint pursuant to CPLR 3211, arguing that Weiner's receipt of workers' compensation benefits barred his lawsuit, that as an emergency medical technician he was not within the class of persons who may bring an action under section 205-a, and that he could not proceed

against the City as "owner" of the boardwalk. Supreme Court denied the motion, citing *Lo Tempio v City of Buffalo* (6 AD3d 1197 [4th Dept 2004]).

The Appellate Division, Second Department, reversed, agreeing with the City that Weiner's action was barred by his receipt of workers' compensation benefits, and that he could not sue the City in its landlord role. The Appellate Division granted Weiner leave to appeal to this Court and certified the question whether its opinion and order was properly made.

Workers' compensation benefits are "[t]he sole and exclusive remedy of an employee against his employer for injuries in the course of employment" (*Gonzales v Armac Indus.*, 81 NY2d 1, 8 [1993]). This precludes suits against an employer for injuries in the course of employment.

> "In exchange for the security of knowing that fixed benefits will be paid without the need to resort to expensive and sometimes risky litigation, . . . the employee has been asked to pay a price in the form of the loss of his common-law right to sue his employer in tort and perhaps to enjoy a more substantial recovery through a jury award" (*Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 159-160 [1980]).

Nonetheless, Weiner contends that he may bring this action against the City pursuant to section 205-a, because that statute gives a right of action to "any officer, member, agent or employee of any fire department" who is injured on duty, "[i]n addition to any other right of action or recovery under any other provision of law" (General Municipal Law § 205-a [1]).

Weiner's principal argument relies on a difference in wording between General Municipal Law § 205-a (pertaining to firefighters) and General Municipal Law § 205-e (pertaining to police officers). Section 205-e contains the same statement found in section 205-a that the cause of action created by the statute exists "[i]n addition to any other right of action or recovery under any other provision of law" (General Municipal Law § 205-e [1]). But section 205-e (pertaining to police officers) explicitly provides that "nothing in this section shall be deemed to expand or restrict any right afforded to or limitation imposed upon an employer, an employee or his or her representative by virtue of any provisions of the workers' compensation law" (General Municipal Law § 205-e [1]). Weiner contends that the omission of this language concerning Workers' Compensation

Law in section 205-a with respect to firefighters was deliberate. We disagree.

Had the Legislature intended to give firefighters, but not police officers, the right to sue as well as receive workers' compensation benefits, this distinction, we are certain, would have been evident in the legislative history. It is not. To the contrary, in his Memorandum approving the last major amendment of General Municipal Law § 205-a, in 1996, Governor Pataki expressly stated that municipalities (outside New York City)

> "that provide workers' compensation for their firefighters and police officers . . . will not incur any additional liability, for *nothing in the bill affects the provisions of existing law stipulating that the right to compensation or benefits under the workers' compensation law is the exclusive remedy an employee has against an employer or co-employee for injuries incurred in the course of his or her employment*" (Governor's Approval Mem, Bill Jacket, L 1996, ch 703, reprinted in 1996 McKinney's Session Laws of NY, at 1936 [emphasis added]).

We conclude that it was not the intent of the Legislature to allow recipients of workers' compensation benefits to sue their employers in tort under section 205-a.

■ It follows, then, that *Lo Tempio* was wrongly decided insofar as that Court held that a plaintiff's acceptance of workers' compensation benefits does not preclude a tort action against his or her employer. We need not resolve today whether emergency medical technicians who are employed by fire departments and are not recipients of workers' compensation benefits are entitled to the right of action provided by section 205-a, or whether the right of action is limited to firefighters.

■ Finally, plaintiff's common-law negligence claim was also properly dismissed. We have long refused to condone the circumvention of the workers' compensation scheme by means of a theory that would allow an employer to be sued in its capacity as property owner (*see Billy*, 51 NY2d at 160). "[A]n employer remains an employer in his relations with his employees as to all matters arising from and connected with their employment" (*id.*). Here, Weiner's injuries arose from and were connected with his employment as an emergency medical technician.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order affirmed, etc.