## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 22, 2016                    522335
_____

In the Matter of SARATOGA
    SKYDIVING ADVENTURES,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  November 21, 2016

Before:  McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

        Stockton, Barker & Mead, LLP, Troy (Matthew R. Mead of
counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for respondent.

_____

Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed March 11, 2015, which denied the application of Saratoga
Skydiving Adventures for redetermination review of a stop-work
order issued pursuant to Workers' Compensation Law § 141-a.

        On August 15, 2014, an investigator with the Workers'
Compensation Board, Kenneth Dippel, made an airport field visit
regarding Saratoga Skydiving Adventures in response to fatalities
following an airplane crash weeks earlier.  Dippel spoke to Bob
Rawlins, the owner of Saratoga Skydiving, who indicated that he
did not have workers' compensation insurance because his workers

were all independent contractors.[1]  Dippel observed Jason Wood, who acknowledged that he worked as a pilot and tandem jump instructor for Saratoga Skydiving, helping Rawlins move parts of the wreckage of an airplane onto a Saratoga Skydiving truck. Wood indicated that he was not being paid to help move the wreckage.  Based upon this information, a stop-work order was issued that day against Saratoga Skydiving for failing to secure workers' compensation coverage (see Workers' Compensation Law §§ 50, 141-a [4]).  Saratoga Skydiving thereafter applied for a redetermination review of the stop-work order, relying on an affirmation of its attorney asserting that it had no employees (see 12 NYCRR 308.5), which was opposed by the Uninsured Employers' Fund (see Workers' Compensation Law § 26-a [5]).[2] After a hearing at which Dippel, Wood and Rawlins testified, a Workers' Compensation Law Judge denied the application to lift the stop-work order.  Saratoga Skydiving appeals.

We affirm.  The stop-work order was issued against Saratoga Skydiving pursuant to Workers' Compensation Law § 141-a, which provides added enforcement authority against employers who fail to secure proper workers' compensation coverage (see Matter of Mamoroneck Vil. Tile Distribs., Inc. v Workers' Compensation Bd., 68 AD3d 1423, 1424 [2009]).  Such a failure by an employer is deemed to be "an immediate serious danger to public health, safety or welfare sufficient to justify service by the chair of a stop-work order" (Workers' Compensation Law § 141-a [4] [a]). Saratoga Skydiving, which conceded that it did not have workers' compensation insurance for its skydiving business, challenges the issuance of the stop-work order and the denial of the request to lift that order, claiming that the evidence did not establish that it had an employer-employee relationship with its workers.

---

[1]  Prior to the visit, Dippel had searched the Board's computer system and was unable to verify workers' compensation coverage for Saratoga Skydiving.

[2]  Although the redetermination application did not contain an affidavit as required by 12 NYCRR 308.5 (c), a hearing was nonetheless ordered per 12 NYCRR 308.5 (f) (2).

"Whether there exists an employer-employee relationship in a particular case is a factual issue for the Board to resolve and its determination will be upheld when supported by substantial evidence" (Matter of Malave v Beef & Bourbon, LLC, 114 AD3d 1006, 1007 [2014] [citations omitted]).  "In making such a determination, factors to be considered include control over the . . . work, method of payment, right to discharge, furnishing of equipment and relative nature of the work" (Matter of Schwenger v NYU Sch. of Medicine, 126 AD3d 1056, 1058 [2015] [internal quotation marks and citations omitted], lv dismissed 26 NY3d 962 [2015]).

Dippel testified that he observed Wood, an acknowledged pilot and jump instructor for Saratoga Skydiving, assisting Rawlins in loading plane wreckage onto a truck and Wood admitted that he was doing this work on behalf of Saratoga Skydiving, albeit without pay.[3]  After conferring with his supervisor, Dippel issued the stop-work order.  Operation of an aircraft is defined as "hazardous employment" (Workers' Compensation Law § 3 [1] [group 7]).  At that preliminary stage, as Dippel possessed sufficient information to believe that Saratoga Skydiving had not secured workers' compensation coverage for its pilots or tandem jumpers who provide the services essential to its business, we find that the issuance of the stop-work order was authorized (see Workers' Compensation Law § 141-a [4] [a]).

We further find that substantial evidence supports the redetermination decision, following a hearing, upholding the stop-work order.  Rawlins testified that Duanesburg Skydiving Club, Inc. owns and does business as Saratoga Skydiving; Rawlins is the sole shareholder and officer of Duanesburg Skydiving Club.[4]  Saratoga Skydiving, which is in the business of providing

---

[3]  Wood later testified that he was present at the airport to complete paperwork for Rawlins to file that would permit him to pilot a plane carrying a banner and helped Rawlins with the wreckage.

[4]  Duanesburg Skydiving Club similarly does not carry workers' compensation coverage.

flights and skydiving services to student clients, engages licensed commercial pilots and certified tandem jump instructors to carry out these services. Saratoga Skydiving uses planes owned by Duanesburg Aircraft, Inc., of which Rawlins is also the sole shareholder and officer, and Duanesburg Skydiving Club owns the parachutes. When clients call looking to book a jump, Rawlins or one of the jump instructors schedules their tandem jump at a time convenient for the clients; Rawlins then selects a pilot and a jump instructor from his list and retains them to perform the needed services if they are available, and they are permitted to decline work. Saratoga Skydiving has no office workers or other employees. Rawlins pays the pilots and jump instructors a set amount for each jump, using Duanesburg Skydiving Club checks, although sometimes he does not pay the pilots or continue to engage them if they are not efficient with their flight time, a judgment that Rawlins alone makes.[5] Rawlins issues tax form 1099 to the pilots and tandem jumpers, most of whom have other employment, although some of the jump instructors are incorporated and paid through their own businesses. Wood, a certified flight instructor and licensed pilot, testified that he had a business teaching flying lessons until 2009 and is employed full time as an assembly worker with a local company; he has also worked part time for Saratoga Skydiving for approximately nine years and flew planes for one other business during that time.

Given the foregoing, we find that substantial evidence supports the decision that Saratoga Skydiving, which is controlled, owned and operated by Rawlins, is required to maintain workers' compensation coverage for its pilots and jump instructors because they are employees. Foremost, considering the relative nature of their work, the pilots and jump instructors are indispensable and integral to Saratoga Skydiving's business of offering skydiving experiences to clients (see Matter of Schwenger v NYU Sch. of Medicine, 126 AD3d at

_____

[5] According to Rawlins, pilots who are not paid often continue to fly for Saratoga Skydiving in order to gain flying hours necessary for their licensing.

1058; <u>Sikes v Chevron Cos.</u>, 173 AD2d 810, 812 [1991]).[6]  Further, Rawlins supplied all of the equipment, including the planes and parachutes through companies solely owned and controlled by him (<u>see</u> <u>Matter of Richter v Buffalo Air Park</u>, 125 AD2d 809, 810 [1986]; <u>Matter of Jennings v Avanti Express, Inc.</u>, 91 AD3d 999, 999-1000 [2012]).  He also exercised sufficient control over the work, scheduling and services provided on behalf of Saratoga Skydiving, selected who to hire for each jump and determined whether they were sufficiently efficient to be paid or should be discharged.  As the determination is supported by substantial evidence, it must be affirmed despite the existence of evidence that could support a contrary conclusion (<u>see</u> <u>Matter of Jennings v Avanti Express, Inc.</u>, 91 AD3d at 999-1000).

McCarthy, J.P., Rose, Clark and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[6]  While the written decision refers only to the pilots as providing essential services, the oral ruling makes clear that both the pilots and the jump instructors  are employees of Saratoga Skydiving.