■ KATHLEEN APRILE-SCI et al., Respondents, v ST. RAYMOND OF PENYAFORT R.C. CHURCH, Appellant. [55 NYS3d 421]—

Appeal from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered March 4, 2015. The order denied the defendant's motion, in effect, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion, in effect, for summary judgment dismissing the complaint is granted.

Kathleen Aprile-Sci (hereinafter the injured plaintiff) was a parishioner and volunteer Eucharistic Minister at St. Raymond of Penyafort R.C. Church (hereinafter the church). On November 20, 2011, she allegedly was injured during a church service when she tripped and fell over an exposed power cord near or on the altar as she went to volunteer to distribute Communion. The church is a parish within the Roman Catholic Diocese of Rockville Centre (hereinafter the Diocese), which was self-insured with a Workers' Compensation policy that extended coverage to volunteers. The church applied to the Workers' Compensation Board (hereinafter the WCB) for a determination of the injured plaintiff's eligibility for benefits. The injured plaintiff, who was represented by counsel, was notified on multiple occasions by the Diocese's claims adjuster that a claim had been filed and her exclusive remedy was Workers' Compensation. The WCB also informed her of the proceedings. Disagreeing that she was eligible for Workers' Compensation, the injured plaintiff took no action in the WCB proceeding. By decision dated September 10, 2013, the WCB determined that she had a work-related injury and was entitled to benefits. The injured plaintiff did not file an objection to the WCB determination.

The injured plaintiff, and her husband suing derivatively, commenced this personal injury action against the church. The church moved, in effect, for summary judgment dismissing the complaint based on the exclusivity provisions of the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29 [6]). The Supreme Court denied the motion, finding triable issues of fact as to whether the injured plaintiff was acting as a covered volunteer or as a parishioner at the time of her accident. The church appeals.

"[P]rimary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board" (Botwinick v Ogden, 59 NY2d 909, 911 [1983]; see O'Rourke v Long, 41 NY2d 219 [1976]; Nunes v Window Network, LLC, 54 AD3d 834 [2008]; Hofrichter v North Shore Univ. Hosp. at Syosset, 271 AD2d 649 [2000]). "[W]here the availability of workmen's compensation hinges upon the resolution of questions of fact or upon mixed questions of fact and law, the plaintiff may not choose the courts as the forum for the resolution of such questions" (O'Rourke v Long, 41 NY2d at 228; see Cunningham v State of New York, 60 NY2d 248, 252 [1983]). "[A] plaintiff has no choice but to litigate this issue before the Board" (Liss v Trans Auto Sys., 68 NY2d 15, 21 [1986]). Thus, the question of

whether a particular person is an employee within the meaning of the Workers' Compensation Law is for the WCB to determine in the first instance (*see McGee v Van Erden*, 66 AD3d 1426 [2009]; *Nunes v Window Network, LLC*, 54 AD3d at 835; *Hofrichter v North Shore Univ. Hosp. at Syosset*, 271 AD2d at 650; *Corp v State of New York*, 257 AD2d 742 [1999]). The findings of the WCB are final and conclusive unless reversed on direct appeal (*see* Workers' Compensation Law § 23), and are not subject to collateral attack in a plenary action (*see Cunningham v State of New York*, 60 NY2d at 253; *Matter of Rosa v June Elec. Corp.*, 140 AD3d 1353, 1357 [2016]). This is so even where, as here, the employer has filed a compensation claim on the employee's behalf and the employee did not herself apply for or accept benefits (*see O'Connor v Midiria*, 55 NY2d 538, 541 [1982]). "Whether the employee or the employer first brings the injury to the attention of the board, a finding by the board that the injury is compensable is, until set aside, a final and conclusive determination which bars an action at law" (*id.* at 541).

Here, the church established its prima facie entitlement to judgment as a matter of law by demonstrating that the WCB rendered a final determination that the injured plaintiff was eligible for Workers' Compensation benefits under the Diocese's policy, thereby precluding a personal injury action against it (*see* Workers' Compensation Law §§ 11, 29 [6]; *O'Connor v Midiria*, 55 NY2d at 541). In opposition, the plaintiffs failed to raise a triable issue of fact. The coverage eligibility issue was necessarily determined by the WCB in a proceeding in which the injured plaintiff had the required notice and opportunity to be heard (*see* Workers' Compensation Law § 25 [3] [b]; *Liss v Trans Auto Sys.*, 68 NY2d at 21; *Rigopolous v American Museum of Natural History*, 297 AD2d 728, 729 [2002]). Moreover, a plaintiff cannot elect to waive benefits under the Workers' Compensation Law and proceed on a tort cause of action (*see Corp v State of New York*, 257 AD2d at 743; *Olsson v Nyack Hosp.*, 193 AD2d 1006 [1993]). Accordingly, the Supreme Court should have granted the church's motion, in effect, for summary judgment dismissing the complaint based on the exclusivity provisions of the Workers' Compensation Law.

The plaintiffs' contentions that the church should be equitably estopped, or barred by the doctrine of unclean hands, from relying on the exclusivity provisions of the Workers' Compensation Law are improperly raised for the first time on appeal (*see Robles v Brooklyn-Queens Nursing Home, Inc.*, 131 AD3d 1032, 1033 [2015]). Eng, P.J., Rivera, Balkin and Barros, JJ., concur.