Owens v Jea Bus Co., Inc. (2018 NY Slip Op 03854)





Owens v Jea Bus Co., Inc.


2018 NY Slip Op 03854


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2015-12227
 (Index No. 23790/12)

[*1]Anna G. Owens, respondent, 
v
Jea Bus Co., Inc., et al., defendants-appellants, et al., defendant; Smart Pick, Inc., et al., nonparty-appellants.


Lewis, Brisbois, Bisgaard & Smith, LLP, New York, NY (Meredith Drucker Nolen and Nicholas P. Hurzeler of counsel), for defendants-appellants and nonparty-appellants.
Koenigsberg & Associates (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Richard Weiss], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Jea Bus Co., Inc., and Tebaldo A. Sibilia, and nonparties Smart Pick, Inc., and Smart Pick Bus, Inc., appeal from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated October 14, 2015. The order, insofar as appealed from, denied those branches of the motion of the defendants Jea Bus Co., Inc., and Tebaldo A. Sibilia which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the appeal by nonparties Smart Pick, Inc., and Smart Pick Bus, Inc., is dismissed, as they are not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants Jea Bus Co., Inc., and Tebaldo A. Sibilia which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendant Jea Bus Co., Inc., and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from by the defendants Jea Bus Co., Inc., and Tebaldo A. Sibilia, without costs or disbursements.
On June 27, 2012, the plaintiff, a school bus matron, allegedly sustained injuries when the bus to which she was assigned was involved in a collision with a vehicle owned and operated by the defendant Robin Williams. In July 2012, the plaintiff filed a claim for workers' compensation benefits indicating that her employer was Smart Pick, Inc. However, in December 2012, the plaintiff began receiving workers' compensation benefits from the insurance carrier of the defendant Jea Bus Co., Inc. (hereinafter Jea Bus), after a determination was made by the Workers' Compensation Board (hereinafter the Board) that Jea Bus was the plaintiff's employer. The plaintiff did not file an objection to this determination.
Subsequently, the plaintiff commenced this personal injury action against Williams, [*2]Jea Bus, and the defendant Tebaldo A. Sibilia, who was the driver of the subject school bus and an employee of Smart Pick, Inc. In his answer, Williams asserted cross claims against Jea Bus and Sibilia sounding in common-law contribution and indemnification. Jea Bus and Sibilia moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them based on the exclusivity provision of the Workers' Compensation Law. In an order dated October 14, 2015, the Supreme Court denied those branches of the motion of Jea Bus and Sibilia which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, finding triable issues of fact. Jea Bus, Sibilia, Smart Pick, Inc., and Smart Pick Bus, Inc., appeal from the order.
In general, workers' compensation benefits are the sole and exclusive remedy of an employee against an employer for injuries sustained in the course of employment (see Workers Compensation Law §§ 11, 29[6]; Weiner v City of New York, 19 NY3d 852, 854; Wilson v A.H. Harris & Sons, Inc., 131 AD3d 1050, 1051). "[P]rimary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board" (Botwinick v Ogden, 59 NY2d 909, 911; see O'Rourke v Long, 41 NY2d 219, 224; Aprile-Sci v St. Raymond of Penyafort R.C. Church, 151 AD3d 671, 672; Nunes v Window Network, LLC, 54 AD3d 834, 834). The issue of whether a plaintiff was acting as an employee of a defendant at the time of the injury is a question of fact to be resolved by the Board (see Alfonso v Lopez, 149 AD3d 1535, 1536; Matter of Saratoga Skydiving Adventures v Workers' Compensation Bd., 145 AD3d 1333, 1334; Matter of Rosa v June Elec. Corp., 140 AD3d 1353, 1355; Nunes v Window Network, LLC, 54 AD3d at 834; Matter of Pilku v 24535 Owners Corp., 19 AD3d 722, 723). The findings of the Board are final and binding, and a plaintiff may not maintain an action against a defendant from which he or she has accepted workers' compensation benefits by arguing that he or she was employed by a different entity (see Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988, 989; Maropakis v Stillwell Materials Corp., 38 AD3d 623, 623; Decavallas v Pappantoniou, 300 AD2d 617, 619). If a worker believes that the Board's decision has been made in error, he or she may petition the Board for reconsideration of its determination (see Cunningham v State of New York, 60 NY2d 248, 253; Derosas v Rosmarins Land Holdings, LLC, 148 AD3d at 990).
Here, Jea Bus established, prima facie, its entitlement to judgment as a matter of law by demonstrating that the Board had determined that the workers' compensation carrier of Jea Bus was liable for the claim and that the plaintiff had received the benefits (see Derosas v Rosmarins Land Holdings, LLC, 148 AD3d at 990; King v Malone Home Bldrs., Inc., 137 AD3d 1646, 1648; Maropakis v Stillwell Materials Corp., 38 AD3d at 623; Langdon v WEN Mgt. Co., 147 AD2d 450, 452). The coverage issue was necessarily determined by the Board in a proceeding in which the plaintiff had the required notice and opportunity to be heard (see Aprile-Sci v St. Raymond of Penyafort R.C. Church, 151 AD3d at 673; Rigopolous v American Museum of Natural History, 297 AD2d 728, 729). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560). Accordingly, the Supreme Court should have granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Jea Bus.
Additionally, the Supreme Court should have granted that branch of the motion which was for summary judgment dismissing all cross claims insofar as asserted against Jea Bus. Jea Bus, as the plaintiff's employer, would only be liable for common-law contribution and indemnification if the plaintiff suffered a "grave injury" as a result of the accident (Workers' Compensation Law § 11; see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 367; Grech v HRC Corp., 150 AD3d 829, 830). In support of the motion, Jea Bus submitted, inter alia, the plaintiff's deposition testimony, bill of particulars, and supplemental bill of particulars, which established, prima facie, that the plaintiff did not sustain a grave injury (see Anton v West Manor Constr. Corp., 100 AD3d 523, 524; Maxwell v Rockland County Community Coll., 78 AD3d 793, 794; Spiegler v Gerken Bldg. Corp., 35 AD3d 715, 717). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d at 560).
However, we agree with the Supreme Court's determination to deny those branches [*3]of the motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against Sibilia. Pursuant to Workers' Compensation Law § 29(6), an employee who receives workers' compensation benefits may not sue his or her co-employee based on the injuries sustained (see Workers Compensation Law § 29[6]; Bostick v Penske Truck Leasing Co., L.P., 140 AD3d 999, 1000). Sibilia asserts that even though his employer was Smart Pick, Inc., he was the plaintiff's co-employee because he was a special employee of Jea Bus. While a person's status as a special employee is generally a question of fact, it may be determined as a matter of law where particular, undisputed critical facts compel the conclusion that there is no triable issue of fact (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 558; Charles v Broad St. Dev., LLC, 95 AD3d 814, 815; Slikas v Cyclone Realty, LLC, 78 AD3d 144, 150). Many factors are considered in determining if a special employment relationship exists, such as who controls and directs the manner, details, and ultimate result of the employee's work, and who is responsible for the payment of wages and the furnishing of equipment, although no one factor is determinative (see Thompson v Grumman Aerospace Corp., 78 NY2d at 558; Pena v Automatic Data Processing, Inc., 105 AD3d 924, 925; George v IBC Sales Corp., 76 AD3d 950, 952).
Here, Sibilia failed to make a prima facie showing that he was the special employee of Jea Bus. The evidence submitted was insufficient to establish, inter alia, that Jea Bus controlled and directed the manner and details of Sibilia's work (see Bostick v Penske Truck Leasing Co., L.P., 140 AD3d at 1000; Gonzalez v Woodbourne Arboretum, Inc., 100 AD3d 694, 698). Since a prima facie showing of entitlement to judgment as a matter of law was not made, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
The parties' remaining contentions are without merit.
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court