Dumervil v Port Auth. of N.Y. & N.J. (2018 NY Slip Op 05138)





Dumervil v Port Auth. of N.Y. & N.J.


2018 NY Slip Op 05138


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2017-04721
 (Index No. 704843/16)

[*1]Cathy Dumervil, respondent, 
v
Port Authority of New York & New Jersey, et al., defendants, OTG JFK T5 Venture, LLC, et al., appellants.


Curtis, Vasile, Mehary & Dorry P.C., Merrick, NY (Michael G. Mehary of counsel), for appellants.
William Pager, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants OTG JFK T5 Venture, LLC, and Loft Restaurant appeal from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered March 27, 2017. The order, insofar as appealed from, denied the motion of the defendants OTG JFK T5 Venture, LLC, and Loft Restaurant for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants OTG JFK T5 Venture, LLC, and Loft Restaurant for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
The plaintiff was employed by the appellants as a dishwasher at their restaurant at John F. Kennedy International Airport. In September 2015, the plaintiff allegedly was injured due to a defective condition on the premises. She applied for and was found eligible for benefits under the Workers' Compensation Law. She then commenced this action against, among others, the appellants. The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that the plaintiff's sole remedy against them was her eligibility for workers' compensation benefits. In opposition, the plaintiff contended that the exclusive remedy provisions of the workers' compensation Law were inapplicable under the circumstances of this case. The Supreme Court denied the appellants' motion. We reverse the order insofar as appealed from.
The Workers' Compensation Law expressly provides that an employee's eligibility to collect workers' compensation benefits is the employee's exclusive remedy against an employer for job-related injuries (see Workers' Compensation Law §§ 11, 29[6]; Isabella v Hallock, 22 NY3d 788, 792-793; Reich v Manhattan Boiler & Equip. Corp., 91 NY2d 772, 779). The exclusive remedy provisions are an essential part of a trade-off underlying the Workers' Compensation Law. "A cornerstone of the workers' compensation framework is a tradeoff: the employee is afforded swift and sure' compensation and the employer is assured that its workers' compensation liability to its [*2]employee shall be exclusive and in place of any other liability whatsoever'" (Weiner v City of New York, 84 AD3d 140, 143, affd 19 NY3d 852, 854, quoting Workers' Compensation Law § 11). "In exchange for the security of knowing that fixed benefits will be paid without the need to resort to expensive and sometimes risky litigation, . . . the employee has been asked to pay a price in the form of the loss of his common-law right to sue his employer in tort and perhaps to enjoy a more substantial recovery through a jury award" (Weiner v City of NewYork, 19 NY3d at 854, quoting Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 159-160).
Here, the appellants established their prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff was their employee, that she was injured in the course of her employment, and that she was found eligible for benefits under the Workers' Compensation Law (see Aprile-Sci v St. Raymond of Penyafort R.C. Church, 151 AD3d 671, 673). In opposition, the plaintiff failed to raise a triable issue of fact (see id. at 673; Billy v Consolidated Mach. Tool Corp., 51 NY2d at 160-161).
The plaintiff's contentions regarding the evidence that the appellants submitted in support of their motion and her contention that the appellants' motion was premature are raised for the first time on appeal, and, thus, are not properly before this Court (see Warren v Carreras, 133 AD3d 592, 594; Barouh v Law Offs. of Jason L. Abelove, 131 AD3d 992, 993; Point Holding, LLC v Crittenden, 119 AD3d 918, 920; Castillo v Wil-Cor Realty Co., Inc., 109 AD3d 863, 864; Benavides v Uniondale Union Free School Dist., 95 AD3d 809, 810; Iqbal v Thai, 83 AD3d 897, 898).
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court