Chiloyan v Chiloyan (2019 NY Slip Op 02057)





Chiloyan v Chiloyan


2019 NY Slip Op 02057


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-02910
 (Index No. 150991/14)

[*1]Vanik Chiloyan, respondent, 
v
Eduard Chiloyan, appellant (and a third-party action).


Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, NY (Lindsay J . Kalick and Patrick Lawless of counsel), for appellant.
Law Office of Yuriy Prakhin P.C., Brooklyn, NY (Gregory Nahas of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated March 2, 2018. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2010, the defendant, individually, entered into a contract pursuant to which he agreed to exclusively operate his van to transport passengers for nonparty R. W. Express, LLC (hereinafter R. W. Express). Shortly thereafter, the defendant formed Van Air Service, Inc. (hereinafter Van Air), in order to continue operating his van for R. W. Express. At about the same time, the plaintiff also began operating the van to transport passengers for R. W. Express. On September 16, 2012, the plaintiff allegedly sustained personal injuries when the van, which he was operating, was involved in a collision with another vehicle. The plaintiff filed a claim for workers' compensation benefits indicating that his employer was R. W. Express. In October 2013, the Workers' Compensation Board (hereinafter the Board) determined that the plaintiff was entitled to receive workers' compensation benefits from the insurance carrier of R. W. Express.
Subsequently, the plaintiff commenced this action against the defendant, as the registered owner of the van, alleging, inter alia, that he sustained serious injuries due to the defendant's negligent maintenance of the van. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint, contending that this action was barred by the exclusivity provision of the Workers' Compensation Law because he was either the plaintiff's employer or co-employee. The Supreme Court denied the motion, and the defendant appeals.
Generally, workers' compensation benefits are the sole and exclusive remedy of an employee against an employer for injuries sustained in the course of employment (see Workers Compensation Law §§ 11, 29[6]; Weiner v City of New York, 19 NY3d 852, 854; Wilson v A.H. Harris & Sons, Inc., 131 AD3d 1050, 1051). "[P]rimary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' [*2]Compensation Board" (Botwinick v Ogden, 59 NY2d 909, 911; see O'Rourke v Long, 41 NY2d 219, 224; Aprile-Sci v St. Raymond of Penyafort R.C. Church, 151 AD3d 671, 672). "The issue of whether a plaintiff was acting as an employee of a defendant at the time of the injury is a question of fact to be resolved by the Board" (Owens v Jea Bus Co., Inc., 161 AD3d 1188, 1189; see Alfonso v Lopez, 149 AD3d 1535, 1536; Matter of Saratoga Skydiving Adventures v Workers' Compensation Bd., 145 AD3d 1333, 1334). The findings of the Board are final and conclusive unless reversed on direct appeal (see Workers' Compensation Law § 23), and are not subject to collateral attack in a plenary action (see Cunningham v State of New York, 60 NY2d 248, 253; Aprile-Sci v St. Raymond of Penyafort R.C. Church, 151 AD3d at 673).
Here, contrary to the defendant's contentions, he did not demonstrate, prima facie, that the plaintiff was an employee of Van Air. In this regard, the Board found that the plaintiff was an employee of R. W. Express within the meaning of the Workers' Compensation Law given its determination that the workers' compensation carrier of R. W. Express was liable for the plaintiff's claim. The coverage issue was necessarily determined by the Board (see Aprile-Sci v St. Raymond of Penyafort R.C. Church, 151 AD3d at 673; Rigopolous v American Museum of Natural History, 297 AD2d 728, 729).
"A special employee is one who is transferred for a limited time of whatever duration to the service of another,' and limited liability inures to the benefit of both the general and special employer" (Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 359, quoting Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557). Although a person's categorization as a special employee is usually a question of fact, " the determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact'" (Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d 779, 780, quoting Thompson v Grumman Aerospace Corp., 78 NY2d at 557-558; see James v Crystal Springs Water, 164 AD3d 660, 661-662). "Many factors are weighed in deciding whether a special employment relationship exists, and generally no single one is decisive . . . Principal factors include who has the right to control the employee's work, who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business . . . The most significant factor is who controls and directs the manner, details, and ultimate result of the employee's work" (Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d at 780 [internal quotation marks omitted]; see Giovannucci v Petrone, 51 AD3d 632, 632-633; Schramm v Cold Spring Harbor Lab., 17 AD3d 661, 662).
Here, the evidence submitted by the defendant demonstrated that R. W. Express controlled and directed the manner and details of his work (see Thompson v Grumman Aerospace Corp., 78 NY2d at 557-558; James v Crystal Springs Water, 164 AD3d at 661-662; Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d at 780). Thus, the defendant made a prima facie showing that he was the plaintiff's co-employee because the defendant was a special employee of R. W. Express. Pursuant to Workers' Compensation Law § 29(6), an employee who receives workers' compensation benefits may not sue his or her co-employee based on the injuries sustained (see Workers Compensation Law § 29[6]; Bostick v Penske Truck Leasing Co., L.P., 140 AD3d 999, 1000).
In opposition, however, the plaintiff raised a triable issue of fact as to whether the defendant was a special employee of R. W. Express at the time of the accident. "Workers' compensation qualifies as an exclusive remedy when both the plaintiff and the defendant are acting within the scope of their employment, as coemployees, at the time of injury" (Macchirole v Giamboi, 97 NY2d 147, 150). In this regard, the plaintiff submitted, inter alia, the defendant's interrogatory responses in a related action, in which he admitted that "on the date of the accident, [he] had no ownership interest in Van Air and was not otherwise affiliated with Van Air," and "had no job duties and responsibilities with respect to Van Air." The plaintiff also submitted the transcript of the defendant's deposition testimony, in which the defendant testified that, prior to the date of the accident, he had stopped driving for R. W. Express because he found another job.
Since triable issues of fact exist regarding the defendant's employment status at the time of the plaintiff's accident, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court