Bello v City of New York (2019 NY Slip Op 08646)





Bello v City of New York


2019 NY Slip Op 08646


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2018-00418
 (Index No. 12957/14)

[*1]James Bello, plaintiff, Eric Rosen, appellant,
v
City of New York, et al., respondents, et al., defendants.


Charles H. Burger, Brooklyn, NY (Marvin Ben-Aron of counsel), for appellant.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff Eric Rosen appeals from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered November 9, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants City of New York, New York City Police Department, and Robert M. Hammer which was for summary judgment dismissing the complaint of the plaintiff Eric Rosen insofar as asserted against the defendants City of New York and Robert M. Hammer.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Eric Rosen allegedly sustained injuries in a motor vehicle accident while working as a volunteer auxiliary police officer for the New York City Police Department (hereinafter NYPD). Rosen was a passenger in an NYPD auxiliary police vehicle operated by auxiliary police officer Robert M. Hammer when it collided with another vehicle. On the day of the accident, an NYPD sergeant completed a form entitled "State of New York Workers' Compensation Board Employer's Report of Work-Related Accident/Occupational Disease," which stated that Rosen was injured in a motor vehicle accident while working as a volunteer auxiliary police officer. The Workers' Compensation Board (hereinafter the Board) ultimately issued a decision regarding Rosen's workers' compensation claim. The Board determined that Rosen sustained a work-related injury to his right shoulder and neck, and authorized Rosen to receive medical treatment, as necessary, for the injury. The decision listed Rosen's employer as "NYC Police Department." Rosen objected to the Board's decision, challenging, inter alia, his classification as an employee of the NYPD for the purposes of the Workers' Compensation Law.
Rosen commenced an action against the City of New York, the NYPD, and Hammer (hereinafter collectively the defendants), among others, to recover damages for personal injuries he allegedly sustained in the accident. That action was consolidated with a personal injury action commenced by another auxiliary police officer involved in the same accident. The defendants thereafter moved, inter alia, for summary judgment dismissing Rosen's complaint insofar as asserted against them based on the exclusivity provisions of the Workers' Compensation Law. In an order entered November 9, 2017, the Supreme Court, inter alia, granted that branch of the defendants' motion. Rosen appeals from so much of the order as granted that branch of the defendants' motion [*2]which was for summary judgment dismissing his complaint insofar as asserted against the City and Hammer.
In general, workers' compensation benefits are the sole and exclusive remedy of an employee against an employer for injuries sustained in the course of employment (see Workers' Compensation Law §§ 11, 29[6]; Weiner v City of New York, 19 NY3d 852, 854; Wilson v A.H. Harris & Sons, Inc., 131 AD3d 1050, 1051). "[P]rimary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board" (Botwinick v Ogden, 59 NY2d 909, 911; see O'Rourke v Long, 41 NY2d 219, 224; Owens v Jea Bus Co., Inc., 161 AD3d 1188, 1189; Aprile-Sci v St. Raymond of Penyafort R.C. Church, 151 AD3d 671, 672). "The issue of whether a plaintiff was acting as an employee of a defendant at the time of the injury is a question of fact to be resolved by the Board" (Owens v Jea Bus Co., Inc., 161 AD3d at 1189; see Alfonso v Lopez, 149 AD3d 1535, 1536; Matter of Saratoga Skydiving Adventures v Workers' Compensation Bd., 145 AD3d 1333, 1334; Matter of Rosa v June Elec. Corp., 140 AD3d 1353, 1355; Nunes v Window Network, LLC, 54 AD3d 834, 834; Matter of Pilku v 24535 Owners Corp., 19 AD3d 722, 723). "The findings of the Board are final and binding, and a plaintiff may not maintain an action against a defendant from which he or she has accepted workers' compensation benefits by arguing that he or she was employed by a different entity" (Owens v Jea Bus Co., Inc., 161 AD3d at 1189; see Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988, 989; Maropakis v Stillwell Materials Corp., 38 AD3d 623, 623; Decavallas v Pappantoniou, 300 AD2d 617, 619). "If a worker believes that the Board's decision has been made in error, he or she may petition the Board for reconsideration of its determination" (Owens v Jea Bus Co., Inc., 161 AD3d at 1190; see Cunningham v State of New York, 60 NY2d 248, 253; Derosas v Rosmarins Land Holdings, LLC, 148 AD3d at 990).
Here, the City and Hammer established their prima facie entitlement to judgment as a matter of law by demonstrating that the Board had determined that Rosen was eligible for workers' compensation benefits under the NYPD's policy, thereby precluding a personal injury action against them (see Workers' Compensation Law §§ 11, 29[6]; O'Connor v Midiria, 55 NY2d 538, 541; Owens v Jea Bus Co., Inc., 161 AD3d at 1190; Aprile-Sci v St. Raymond of Penyafort R.C. Church, 151 AD3d at 673). In opposition, Rosen failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing Rosen's complaint insofar as asserted against the City and Hammer.
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court