Federal Natl. Mtge. Assn. v Woolstone (2021 NY Slip Op 04345)





Federal Natl. Mtge. Assn. v Woolstone


2021 NY Slip Op 04345


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-05925
 (Index No. 515591/18)

[*1]Federal National Mortgage Association, appellant,
v
Pinchos Woolstone, respondent, et al., defendants.


RAS Boriskin, LLC, Westbury, NY (McCarter & English, LLP [Adam M. Swanson and Jessie D. Bonaros], of counsel), for appellant.
Swidler & Messi, LLP, New York, NY (Michael Messi of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 4, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Pinchos Woolstone which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this mortgage foreclosure action, in support of that branch of his motion which was to dismiss the complaint as time-barred, the defendant Pinchos Woolstone (hereinafter the defendant) established that the six-year statute of limitations (see CPLR 213[4]) began to run on the entire debt in January 2010, when the plaintiff commenced an action (hereinafter the prior action) to foreclose the mortgage (see Milone v US Bank N.A., 164 AD3d 145, 152). In an order dated September 15, 2014, the Supreme Court, inter alia, granted the defendant's cross motion to dismiss the complaint in the prior action insofar as asserted against him for lack of personal jurisdiction. Since the instant action was commenced on July 31, 2018, more than six years after the prior action was commenced, the defendant sustained his initial burden of demonstrating, prima facie, that the instant action was untimely (see Deutsche Bank Trust Co. Ams. v Smith, 170 AD3d 660, 660-661).
In opposition, the plaintiff failed to raise an issue of fact as to whether the instant action was timely (see Christiana Trust v Barua, 184 AD3d 140, 151; Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669-670). Contrary to the plaintiff's contention, the fact that the complaint in the prior action was dismissed as against the defendant for failure to effectuate personal service upon him does not invalidate the plaintiff's election to exercise its right to accelerate the maturity of the underlying debt (see Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476; MSMJ Realty, LLC v DLJ Mtge. Capital, Inc., 157 AD3d 885, 887; Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658). Moreover, neither the dismissal of the complaint in the first action nor the cancellation of the notice of pendency in the first action constituted an affirmative act by the lender to revoke its election to accelerate (see MSMJ Realty, LLC v DLJ Mtge. Capital, Inc., 157 AD3d at 887; Clayton Natl. v Guldi, 307 AD2d 982). Furthermore, the plaintiff's contention that the mailing of a notice of default in February 2015, and 90-day notices pursuant to RPAPL 1304 in March 2018, after the complaint in the prior action was dismissed, constituted a revocation of the [*2]prior acceleration is also without merit (see U.S. Bank N.A. v Leone, 175 AD3d 1452, 1454; Milone v US Bank N.A., 164 AD3d at 154).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
The plaintiff's remaining contentions, raised for the first time on appeal, are not properly before this Court (see Aprile-Sci v St. Raymond of Penyafort R.C. Church, 151 AD3d 671, 673).
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court