Hamer v FPG Am., LLC (2025 NY Slip Op 00651)

Hamer v FPG Am., LLC

2025 NY Slip Op 00651

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2022-06699
 (Index No. 30477/22)

[*1]Rosalinda Hamer, appellant, 
v
FPG America, LLC, etc., et al., respondents. 

Kevin T. Conway, New City, NY, for appellant.
Cartafalsa, Turpin & Lenoff, New York, NY (Christopher J. Turpin of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated July 25, 2022. The judgment, upon an order of the same court dated July 21, 2022, granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is affirmed, with costs.
On February 6, 2020, Noe Hamer, the husband of the plaintiff and an employee of the defendants, was working at one of the defendants' locations when he was directed to terminate the employment of another employee, nonparty Gerard O'Sullivan. Hamer followed the directive and terminated O'Sullivan's employment. O'Sullivan then allegedly followed Hamer to another of the defendants' locations and shot Hamer, killing him.
The plaintiff commenced this action against the defendants, alleging, inter alia, that the defendants were negligent in failing to provide adequate safety and security measures on their premises for Hamer's protection. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, contending, among other things, that the Workers' Compensation Law precluded the action. In support of their motion, the defendants submitted, inter alia, a copy of a decision from the Workers' Compensation Board awarding the plaintiff benefits in connection with the incident. In an order dated July 21, 2022, the Supreme Court granted the motion. Thereafter, a judgment was entered, upon the order, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
The Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. "A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Churong Liu v Gabbay, 219 AD3d 459, 460 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "On a motion to dismiss a complaint pursuant [*2]to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable theory" (Mohawk Constr. & Supply Co., Inc. v Walsh/Consigli JV, 222 AD3d 965, 966 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87).
"Under the Workers' Compensation Law, an employee's recovery of workers' compensation benefits is his or her exclusive remedy against his or her employer or coworkers for injuries sustained in the course of his or her employment" (Zielinski v New Jersey Tr. Corp., 170 AD3d 927, 928; see Workers' Compensation Law §§ 11[1]; 29[6]; Weiner v City of New York, 19 NY3d 852, 854). Here, the defendants established that the allegations in the complaint are barred by the exclusivity provisions of Workers' Compensation Law §§ 11 and 29(6) (see Cunningham v State of New York, 60 NY2d 248, 252; Werner v State of New York, 53 NY2d 346, 355; Pereira v St. Joseph's Cemetery, 54 AD3d 835, 837; Beja v Meadowbrook Ford, 48 AD3d 495, 496; Miller v Huntington Hosp., 15 AD3d 548, 549; Talcove v Buckeye Pipe Line Co., 247 AD2d 464, 465; see also Gagliardi v Trapp, 221 AD2d 315, 316).
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court