■ Savior Grech, Plaintiff, v HRC Corporation et al., Defendants/Third-Party Plaintiffs-Appellants. Murray Hill Office Maintenance, Inc., Third-Party Defendant-Respondent. [54 NYS3d 433]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Elliot, J.), entered January 28, 2015, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint, and (2), as limited by their brief, from so much of an order of the same court entered July 13, 2015, as denied that branch of their motion which was for leave to renew their opposition to the third-party defendant's motion for summary judgment and, in effect, upon reargument, adhered to its original determination in the order entered January 28, 2015.

Ordered that the appeal from the order entered January 28, 2015, is dismissed, as that order was superseded by so much of the order entered July 13, 2015, as was made upon reargument; and it is further,

Ordered that the order entered July 13, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant.

The plaintiff alleged that on February 2, 2004, he slipped and fell down a negligently maintained stairwell in a building owned by the defendant third-party plaintiff 12 West 31st Street Corp. and managed by the defendant third-party plaintiff HRC Corporation (hereinafter together the HRC defendants), sustaining injuries. At the time of the incident, the plaintiff was employed as a porter by the third-party defendant, Murray Hill Office Maintenance, Inc. (hereinafter Murray Hill). The plaintiff commenced this action against the HRC defendants to recover damages for personal injuries, after which

the HRC defendants commenced a third-party action for indemnification, and contribution, and to recover damages for breach of contract against Murray Hill. The Supreme Court subsequently dismissed the HRC defendants' breach of contract and contractual indemnification causes of action in the third-party complaint.

Murray Hill moved for summary judgment dismissing HRC's common-law indemnification and contribution causes of action, arguing that the plaintiff's alleged brain injury was not a grave injury as defined in Workers' Compensation Law § 11. The Supreme Court granted Murray Hill's motion. The HRC defendants thereafter moved for leave to renew and reargue their opposition to the summary judgment motion, submitting, among other things, evidence from the plaintiff's doctors shedding additional light on the nature and severity of the plaintiff's alleged brain injury. The Supreme Court denied that branch of the HRC defendants' motion which was for leave to renew and, in effect, upon reargument, adhered to its original determination.

Where, as here, there is no written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution or indemnification of the claimant, an employer may be held liable for contribution or indemnification only if the employee has sustained a "grave injury" within the meaning of the Workers' Compensation Law (Workers' Compensation Law § 11; *see Fleming v Graham*, 10 NY3d 296, 299 [2008]). "Grave injuries are those injuries that are listed in the statute and are determined to be permanent" (*Persaud v Bovis Lend Lease, Inc.*, 93 AD3d 831, 832 [2012]). One such enumerated injury is an "acquired injury to the brain caused by an external physical force resulting in permanent total disability" (Workers' Compensation Law § 11). A "permanent total disability" requires a showing that the injured employee is no longer employable "in any capacity" (*Rubeis v Aqua Club, Inc.*, 3 NY3d 408, 412 [2004]; *see Cueto v Hamilton Plaza Co., Inc.*, 67 AD3d 722, 724 [2009]).

Here, in effect, upon reargument, the Supreme Court properly adhered to its original determination granting Murray Hill's motion for summary judgment. Murray Hill made a prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff's alleged brain injury did not constitute a grave injury within the meaning of Workers' Compensation Law § 11 (*see Purcell v Visiting Nurses Found. Inc.*, 127 AD3d 572, 574 [2015]; *Fried v Always Green, LLC*, 77 AD3d 788, 790 [2010]). In opposition, the HRC defendants

failed to raise a triable issue of fact (*see Aramburu v Midtown W. B, LLC*, 126 AD3d 498, 501 [2015]; *Anton v West Manor Constr. Corp.*, 100 AD3d 523, 524 [2012]; *Fried v Always Green, LLC*, 77 AD3d at 790).

The Supreme Court providently exercised its discretion in denying that branch of the HRC defendants' motion which was for leave to renew their opposition to Murray Hill's motion for summary judgment. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). Here, to the extent that the HRC defendants presented new facts and a reasonable justification for failing to present such facts in their initial opposition, they failed to demonstrate that the allegedly new evidence would have changed the prior determination (*see Weisz v Weisz*, 123 AD3d 917, 919 [2014]). Specifically, the HRC defendants' evidence was not sufficient to create a triable issue of fact as to whether the plaintiff is not employable "in any capacity" as a result of his purported brain injury (*Rubeis v Aqua Club, Inc.*, 3 NY3d at 417; *see Aramburu v Midtown W. B, LLC*, 126 AD3d at 501; *Anton v West Manor Constr. Corp.*, 100 AD3d at 524; *Galindo v Dorchester Tower Condominium*, 56 AD3d 285, 286 [2008]).

The parties' remaining contentions are either academic in light of our determination or without merit. Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.