Morales-Rodriguez v MTA Bus Co. (2022 NY Slip Op 01781)





Morales-Rodriguez v MTA Bus Co.


2022 NY Slip Op 01781


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-04402 
2019-05758
 (Index No. 10649/16)

[*1]Francisco Morales-Rodriguez, appellant,
v
MTA Bus Company, et al., respondents.


Kelner & Kelner, New York, NY (Joshua D. Kelner of counsel), for appellant.
Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered January 31, 2019, and (2) an order of the same court entered April 8, 2019. The order entered January 31, 2019, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability and, in effect, denied that branch of his motion which was for summary judgment dismissing the defendants' second affirmative defense, alleging comparative negligence. The order entered April 8, 2019, insofar as appealed from, upon reargument, adhered to the prior determination in the order entered January 31, 2019, denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order entered January 31, 2019, is reversed, on the law, the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' second affirmative defense, alleging comparative negligence is granted, and the order entered April 8, 2019, is vacated; and it is further,
ORDERED that the appeal from the order entered April 8, 2019, is dismissed as academic in light of our determination on the appeal from the order entered January 31, 2019; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff was crossing a street at an intersection in Queens, inside of a crosswalk and with a pedestrian crossing signal in his favor, when he was struck by a bus owned by the defendant MTA Bus Company, and driven by its employee, the defendant Clifford Ruff. Thereafter, the plaintiff commenced this personal injury action against the defendants. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' second affirmative defense, alleging comparative negligence. In an order entered January 31, 2019, the Supreme Court denied that branch of the motion which was for summary judgment on the issue of liability and, in effect, denied that branch of the motion which was for summary judgment dismissing the defendants' second affirmative defense, alleging comparative negligence. The plaintiff thereafter [*2]moved for leave to reargue that branch of his motion which was for summary judgment on the issue of liability. In an order entered April 8, 2019, the court, upon reargument, adhered to its prior determination denying that branch of the motion. The plaintiff appeals.
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability. The evidence submitted by the plaintiff established that he had stopped and looked both ways before entering the crosswalk within which he walking, with the pedestrian signal in his favor, when Ruff failed to yield the right-of-way and struck the plaintiff with the bus (see Vehicle and Traffic Law §§ 1111[a][1]; 1112[a]; Maliakel v Morio, 185 AD3d 1018, 1019; Wray v Galella, 172 AD3d 1446, 1447). Additionally, the plaintiff demonstrated, prima facie, that he was free from fault in the happening of the accident (see Maliakel v Morio, 185 AD3d at 1019; Wray v Galella, 172 AD3d at 1447). In opposition, the defendants failed to raise a triable issue of fact as to Ruff's negligence or whether the plaintiff was comparatively at fault in the happening of the accident. Furthermore, the defendants failed to raise a triable issue of fact as to whether Ruff's foreseeable encounter with sun glare, while driving on a route with which he was familiar, was an emergency not of his own making, which left him with only seconds to react and virtually no opportunity to avoid a collision with the plaintiff (see Lifson v City of Syracuse, 17 NY3d 492, 498). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' second affirmative defense, alleging comparative negligence.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court