Ellerin-Diefenbach v Autumn Sky Dev. Co., Inc. (2022 NY Slip Op 04789)

Ellerin-Diefenbach v Autumn Sky Dev. Co., Inc.

2022 NY Slip Op 04789

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2020-06498
 (Index No. 5847/18)

[*1]Michele P. Ellerin-Diefenbach, respondent,
v
Autumn Sky Development Co., Inc., et al., appellants.

Hurwitz & Fine, P.C., Melville, NY (Joel R. Appelbaum of counsel), for appellants.
Foulke Law Firm, Goshen, NY (Evan M. Foulke of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Orange County (Robert M. Berliner, J.), dated July 22, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the defendants' first affirmative defense.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2018, the plaintiff, while descending the exterior steps at premises owned by the defendants, allegedly slipped on a step, causing her to lose her balance and fall to the ground. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging, inter alia, that the defendants were negligent in, among other things, their maintenance of the premises, in particular the subject steps. Her allegations included, among other things, that the tread was slippery, that the handrail on the steps did not extend all the way to the bottom of the steps, and that the handrail's perimeter dimension was too large to grasp. After discovery, the defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability and dismissing the defendants' first affirmative defense, alleging comparative negligence. The Supreme Court, among other things, granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the defendants' first affirmative defense, alleging comparative negligence. The defendants appeal from so much of the order as granted that branch of the plaintiff's cross motion.
Even though a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence (see Sebagh v Capital Fitness, Inc., 202 AD3d 853; Ramirez v Wangdu, 195 AD3d 646; Poon v Nisanov, 162 AD3d 804, 808).
In support of that branch of the plaintiff's cross motion which was for summary judgment dismissing the defendants' first affirmative defense, alleging comparative negligence, the plaintiff established, prima facie, that she was not comparatively at fault in the happening of the [*2]accident (see Morales-Rodriguez v MTA Bus Co., 203 AD3d 914; Kwok King Ng v West, 195 AD3d 1006, 1008; Sapienza v Harrison, 191 AD3d 1028). In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 326-327).
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court