Cromer-Walker v Singh (2022 NY Slip Op 05834)

Cromer-Walker v Singh

2022 NY Slip Op 05834

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2021-04591
 (Index No. 722266/20)

[*1]Ryon A. Cromer-Walker, appellant,
v
Surendra Singh, et al., respondents.

The Law Firm of Davidoff & Associates, Forest Hills, NY (Mark Peter Getzoni of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered June 8, 2021. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
The plaintiff alleges that, on May 5, 2020, he was crossing a street at an intersection in Queens, inside of a crosswalk with a pedestrian crossing signal in his favor, when he was struck by a vehicle operated by the defendant Surendra Singh and owned by the defendant Tarandeep S. Gill. The defendants' vehicle was making a left turn when it made contact with the plaintiff, causing the plaintiff to fall to the ground. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. After joinder of issue, but prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.
The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting his own affidavit, which demonstrated that he was walking within a crosswalk, with the pedestrian crossing signal in his favor, when the defendants' vehicle failed to yield the right-of-way and struck him (see Rodriguez v City of New York, 31 NY3d 312, 324-325; Morales-Rodriguez v MTA Bus Co., 203 AD3d 914; Gooden v EAN Holdings, LLC, 189 AD3d 1552; Rodriguez-Garcia v Bobby's Bus Co., Inc., 175 AD3d 631). In opposition, the defendants failed to raise a triable issue of fact.
Furthermore, contrary to the defendants' contention, the plaintiff's motion was not premature, as the defendants failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Gooden v EAN Holdings, LLC, 189 AD3d at 1552-1553; Rodriguez-Garcia v Bobby's Bus Co., Inc., 175 AD3d at 632).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court