Vasquez v Vullis Corp. (2023 NY Slip Op 05286)

Vasquez v Vullis Corp.

2023 NY Slip Op 05286

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2021-05839
 (Index No. 712740/19)

[*1]Jason Vasquez, appellant, 
v
Vullis Corp., et al., respondents.

Held & Hines, LLP, Brooklyn, NY (Marc J. Held and Jack Angelou of counsel), for appellant.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered July 22, 2021. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he was struck by a yellow cab operated by the defendant Adeyemi Okunola (hereinafter the defendant driver) and owned by the defendant Vullis Corp. The plaintiff, who was working at a toll plaza at the westbound Queens Midtown Tunnel, was standing next to the cab at a toll booth when he was struck as the cab drove forward. The defendant driver was ticketed for failure to exercise due care to avoid colliding with a pedestrian pursuant to Vehicle and Traffic Law § 1146. After joinder of issue, but prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.
"Drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Gallo v Jairath, 122 AD3d 795, 796; see Kreis v Kiyonaga, 200 AD3d 1144).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability through submission of his affidavit and surveillance footage of the accident. This evidence demonstrated that the plaintiff, who was wearing a bright green safety vest, was standing at or near the sideview mirror of the cab while the cab was stopped at a tollbooth when the cab pulled forward and came into contact with the plaintiff's foot or ankle (see Rodriguez v City of New York, 31 NY3d 312, 324-325; Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1009). In opposition, the defendants failed to raise a triable issue of fact. Although the Supreme Court made a determination that, based on the evidence presented, a jury could determine whether the plaintiff was "vigilant" under the circumstances, that is immaterial to the plaintiff's entitlement to summary [*2]judgment on the issue of liability in this case. "To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence" (Jordon v Chan, 214 AD3d 774, 775 [internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d at 315).
Furthermore, the plaintiff's motion was not premature, as the defendants failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence on the issue of the defendants' liability, or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Cromer-Walker v Singh, 209 AD3d 832, 833). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Leak v Hybrid Cars, Ltd., 132 AD3d 958, 959 [internal quotation marks omitted]).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court