NGM Ins. Co. v MGC Design & Constr. Corp. (2025 NY Slip Op 02215)

NGM Ins. Co. v MGC Design & Constr. Corp.

2025 NY Slip Op 02215

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-01950
 (Index No. 609029/20)

[*1]NGM Insurance Company, respondent,
v
MGC Design & Construction Corp., et al., defendants, IE Construction Management, LLC, appellant.

Goldberg Segalla, LLP, White Plains, NY (William T. O'Connell of counsel), for appellant.
Kenney Shelton Liptak Nowak LLP, Buffalo, NY (Matthew C. Ronan of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant MGC Design & Construction Corp. or any other entity in an underlying action entitled Guichay v Barr, commenced in the Supreme Court, Suffolk County, under Index No. 622754/18, and related third-party and second third-party actions, the defendant IE Construction Management, LLC, appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated February 8, 2022. The order granted the plaintiff's motion for summary judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant MGC Design & Construction Corp. or any other entity in the underlying action and the related third-party and second third-party actions.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiff is not obligated to defend or indemnify the defendant MGC Design & Construction Corp. or any other entity in an underlying action entitled Guichay v Barr, commenced in the Supreme Court, Suffolk County, under Index No. 622754/18, and related third-party and second third-party actions.
On November 24, 2017, Carlos Guichay, an employee of MGC Design & Construction Corp. (hereinafter MGC) allegedly was injured when he tripped and fell while working at a construction site. Guichay, and his wife suing derivatively, commenced an action against, among others, Steven R. Barr and IE Construction Management, LLC (hereinafter the construction manager), inter alia, to recover damages for Guichay's personal injuries (hereinafter the underlying action). Thereafter, Barr commenced a third-party action against MGC, and the construction manager commenced a second third-party action against MGC (hereinafter together the underlying third-party actions), each seeking, among other things, indemnification in the underlying action.
MGC's insurer, the plaintiff, NGM Insurance Company, initially provided MGC a defense in the underlying third-party actions. The plaintiff, however, reserved its right to seek a judgment declaring that it is not obligated to defend or indemnify MGC if the plaintiff determined that Guichay did not suffer a "grave injury" within the meaning of Workers' Compensation Law § 11(1). On July 17, 2020, the plaintiff commenced this action against, among others, MGC and the construction manager for a judgment declaring that the plaintiff is not obligated to defend or [*2]indemnify MGC or any other entity in the underlying action and the underlying third-party actions. The plaintiff thereafter moved for summary judgment on the complaint. The construction manager opposed the motion, arguing, inter alia, that triable issues of fact as to whether Guichay had suffered a "grave injury" within the meaning of Workers' Compensation Law § 11(1) precluded summary judgment in the plaintiff's favor.
In an order dated February 8, 2022, the Supreme Court granted the plaintiff's motion. The construction manager appeals.
A party opposing summary judgment on the grounds that the motion is premature must "offer an evidentiary basis to suggest that discovery may lead to relevant evidence on the issue of the defendants' liability, or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff" (Vasquez v Vullis Corp., 220 AD3d 906, 907, citing CPLR 3212[f]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (id. [internal quotation marks omitted]).
Here, the construction manager did not meet its burden of establishing that further discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff. When the plaintiff moved for summary judgment, Guichay had already been evaluated by three different doctors, as well as a neuropsychological consultant. Under the circumstances, the construction manager failed to offer a sufficient evidentiary basis to suggest that additional medical evaluations of Guichay would lead to relevant, non-duplicative evidence.
"An insurance carrier can be relieved of its duty to defend if it establishes, as a matter of law, that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (Great Am. E & S Ins. Co. v Commack Hotel, LLC, 211 AD3d 704, 705 [brackets and internal quotation marks omitted]). "Workers' Compensation Law § 11 unambiguously shields employers from liability to third parties for contribution and indemnity except in limited circumstances," one of which is where the employee has sustained a "'grave injury'" (Velazquez-Guadalupe v Ideal Bldrs. & Constr. Servs., Inc., 216 AD3d 63, 71 [internal quotation marks omitted], quoting Workers' Compensation Law § 11[1]). "In the absence of such proof, contribution and indemnification claims become extinguished by statute" (id. [internal quotation marks omitted]).
A "grave injury," as defined by Workers' Compensation Law § 11(1) includes, inter alia, "an acquired injury to the brain caused by an external physical force resulting in permanent total disability." "A 'permanent total disability' requires a showing that the injured employee is no longer employable 'in any capacity'" (Grech v HRC Corp., 150 AD3d 829, 830, quoting Rubeis v Aqua Club, Inc., 3 NY3d 408, 413).
Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law declaring that it is not obligated to defend or indemnify MGC or any other entity in the underlying action and the underlying third-party actions. In particular, the plaintiff demonstrated that there is no possible factual or legal basis on which it might eventually be obligated to indemnify MGC under any policy provision because Guichay did not suffer a "grave injury" within the meaning of Workers' Compensation Law § 11(1). To that point, the plaintiff submitted, inter alia, the deposition transcripts of three medical experts who evaluated Guichay on various dates spanning approximately 18 months. While the experts differed in their prognoses for Guichay, each opined that, despite the seriousness of his injuries, Guichay remained employable in some capacity. In particular, two of the experts opined that Guichay could perform sedentary work that did not require him to sit for more than two hours at a time.
Therefore, the plaintiff met its burden of establishing its prima facie entitlement to judgment as a matter of law by establishing that Guichay's alleged brain injury did not constitute a "grave injury" within the meaning of Workers' Compensation Law § 11(1) (see Grech v HRC Corp., 150 AD3d at 830; American Home Assur. Co. v D.P. Consulting Corp., 115 AD3d 778, 779; cf. Bush v Mechanicville Warehouse Corp., 79 AD3d 1327, 1329).
In opposition, the construction manager failed to raise a triable issue of fact (see Grech v HRC Corp., 150 AD3d at 830; Del Vecchio v Danielle Assoc., LLC, 108 AD3d 583, 587-588; cf. Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1013).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment declaring that it is not obligated to defend or indemnify MGC or any other entity in the underlying action and the underlying third-party actions.
The parties' remaining contentions either are without merit or need not be reached by this Court in light of the foregoing.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiff is not obligated to defend or indemnify MGC or any other entity in the underlying action and the underlying third-party actions (see Lanza v Wagner, 11 NY2d 317).
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court